FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

06 JUN 30  PM 1: 07

OFFICE OF THE CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA
## OMAHA DIVISION

DIMAS LOPEZ, IBETH LOPEZ,　　　　　　:
SANTOS CORONA, ABEL MARAVILLA　　 :
MARIA DE JESUS RAMIREZ, MIGUEL GUICO :
DOMINGA MAZARIEGOS, JOSE SALES ORTIZ :
MANUEL SANTANA, CARLOS GODINEZ,　 :
MARIO MAZARIEGOS, CARLOS MEDINA,　:
BRENDA REVOLORIO, GUADALUPE MACIAS,:
RAFAEL MEDINA, NORMA MEDINA,　　　 :
GUADALUPE HERRERA-ARIAS,　　　　　 :
ESPERANZA CEJA REYES,　　　　　　　 :
MARIA MAGDELENA SIGORAN,　　　　　 :
and FRANCISCO NAJARRO MARTINEZ,　 :
on behalf of themselves and all other similarly :
situated individuals,　　　　　　　　　　　 :
　　　　　　　　　　　　　　　　　　　　 :
　　　　　　Plaintiffs,　　　　　　　　　　: Docket No. 8:06CV459
　　　　　　　　　　　　　　　　　　　　 :
　　　　v.　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　 : **Complaint-Class Action**
TYSON FOODS, INC.:　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　 : **JURY TRIAL DEMANDED**
　　　　　　Defendant.　　　　　　　　　　 :
　　　　　　　　　　　　　　　　　　　　 :

## ORIGINAL CLASS ACTION COMPLAINT

Plaintiffs, on behalf of themselves and other similarly situated individuals, by and

through their undersigned counsel, for their Class Action Complaint against Defendant

Tyson Foods, Inc. (herein referred to as "Tyson"), allege, upon information and belief,

except as to the allegations that pertain to the named Plaintiffs and their counsel, which

are based upon personal knowledge, as follows:

## I.　　INTRODUCTION

1.     This is a class action brought by Plaintiffs on behalf of themselves and all other

similarly situated current and former production and support employees of Tyson Foods,

Inc., at its beef processing facility in Lexington, Nebraska for the purpose of obtaining

relief under Nebraska law for, *inter alia*, unpaid wages, unpaid overtime wages,

liquidated damages, costs, attorneys' fees, and declaratory and injunctive relief.  The

named Plaintiffs also bring individual actions under federal law pursuant to the Fair

Labor Standards Act (FLSA), 29 U.S.C. § 201, et seq.

2.     Plaintiffs are employees of Tyson's beef processing facility located in Lexington,

Nebraska.  Defendant has failed to pay Plaintiffs their minimum hourly rate of pay for all

hours of work they performed in addition to overtime as required by Nebraska and/or

federal law.

3.     The uncompensated time includes, but is not limited to, time spent preparing,

donning, doffing, and sanitizing sanitary and safety equipment and clothing, obtaining

tools, equipment and supplies necessary for the performance of their work, "working"

steels and all other activities in connection with these job functions, before and after paid

time, and during both paid breaks and unpaid lunch breaks.

## II.     JURISDICTION AND VENUE

4.     This Court has jurisdiction over Plaintiffs' federal claims because they are

brought pursuant to the Fair Labor Standards Act, 29 U.S.C. 216 (b), and because they

raise a federal question pursuant to 28 U.S.C. § 1331.  This Court also has jurisdiction in

this matter over Plaintiffs' state law class claims pursuant to 28 U.S.C. § 1332(d) since

the matter is a class action in which the aggregate claims of the individual class members

exceeds the sum or value of $5,000,000 exclusive of interest and costs and Defendant

2

Tyson is not a citizen of the State of Nebraska as defined by 28 U.S.C. § 1332(c).

Defendant Tyson is a Delaware corporation whose principal place of business is located

at 2210 Oaklawn, Springdale, AK 72765

5.      Venue is proper in this federal judicial district pursuant to 28 U.S.C. 1391(a) and

(c), because a substantial part of the events or omissions giving rise to these claims

occurred within this judicial district, and because Defendant Tyson resides in this judicial

district in that it regularly conducts business within this judicial district and thus is

subject to personal jurisdiction within this judicial district.

## III.    PARTIES

6.      Plaintiff Dimas Lopez is a current Tyson employee at Tyson's Lexington,

Nebraska facility, who was employed during the relevant class period in this case. Mr.

Lopez presently resides at 304 W. 9th Street, Lexington, NE 68850.

7.      Plaintiff IBeth Lopez is a current Tyson employee at Tyson's Lexington,

Nebraska facility, who was employed during the relevant class period in this case. Ms.

Lopez presently resides at 509 W. Spruce, Lexington, NE 68850.

8.      Plaintiff Santos Corona is a current Tyson employee at Tyson's Lexington,

Nebraska facility, who was employed during the relevant class period in this case. Mr.

Corona presently resides at 305 W. 6th Street, Lexington, NE 68850.

9.      Plaintiff Abel Maravilla is a current Tyson employee at Tyson's Lexington,

Nebraska facility, who was employed during the relevant class period in this case. Mr.

Maravilla presently resides at 310 W. Spruce Street, Lexington, NE 68850.

10.     Plaintiff Maria de Jesus Ramirez is a former Tyson employee at Tyson's

Lexington, Nebraska facility, but she was employed with Tyson during the relevant class

3

period in this case. Ms. Ramirez presently resides at 404 W. High Street, Lexington, NE 68850.

11.     Plaintiff Miguel Guico is a current Tyson employee at Tyson's Lexington, Nebraska facility, who was employed during the relevant class period in this case. Mr. Guico presently resides at 804 West Elm Street, Lexington, NE 68850.

12.     Plaintiff Dominga Mazariegos is a current Tyson employee at Tyson's Lexington, Nebraska facility, who was employed during the relevant class period in this case. Ms. Mazariegos presently resides at 503 West Vine, Lexington, NE 68850.

13.     Plaintiff Jose Sales Ortiz is a current Tyson employee at Tyson's Lexington, Nebraska facility, who was employed during the relevant class period in this case. Mr. Ortiz presently resides at 807 North Washington, Lexington, NE 68850.

14.     Plaintiff Manuel Santana is a current Tyson employee at Tyson's Lexington, Nebraska facility, who was employed during the relevant class period in this case. Mr. Santana presently resides at 1211 N. Monroe, Apt. C, Lexington, NE 68850.

15.     Plaintiff Carlos Godinez is a current Tyson employee at Tyson's Lexington, Nebraska facility, who was employed during the relevant class period in this case. Mr. Godinez presently resides at 724 E. 7th Street, Lexington, NE 68850.

16.     Plaintiff Mario Mazariegos is a current Tyson employee at Tyson's Lexington, Nebraska facility, who was employed during the relevant class period in this case. Mr. Mazariegos presently resides at 503 West Vine Street, Lexington, NE 68850.

17.     Plaintiff Carlos Medina is a current Tyson employee at Tyson's Lexington, Nebraska facility, who was employed during the relevant class period in this case. Mr. Medina presently resides at 401 East 8th Street, Lexington, NE 68850.

4

18.     Plaintiff Brenda Revolorio is a current Tyson employee at Tyson's Lexington, Nebraska facility, who was employed during the relevant class period in this case. Ms. Revolorio presently resides at 307 Sunrise Lot, Cozad, NE 69130

19.     Plaintiff Guadalupe Macias is a current Tyson employee at Tyson's Lexington, Nebraska facility, who was employed during the relevant class period in this case. Ms. Macias presently resides at 407 S. Lincoln, Lexington, NE 68850.

20.     Plaintiff Rafael Medina is a current Tyson employee at Tyson's Lexington, Nebraska facility, who was employed during the relevant class period in this case. Mr. Medina presently resides at P.O. Box 1247, Lexington, NE 68850.

21.     Plaintiff Norma Medina is a current Tyson employee at Tyson's Lexington, Nebraska facility, who was employed during the relevant class period in this case. Ms. Medina presently resides at P.O. Box 1247, Lexington, NE 68850.

22.     Plaintiff Guadalupe Herrera-Arias is a current Tyson employee at Tyson's Lexington, Nebraska facility, who was employed during the relevant class period in this case. Ms. Arias presently resides at 500 South Harrison, Lexington, NE 68850.

23.     Plaintiff Esperanza Caja Reyes is a current Tyson employee at Tyson's Lexington, Nebraska facility, who was employed during the relevant class period in this case. Ms. Reyes presently resides at 406 S. Lincoln St., Lexington, NE 68850.

24.     Plaintiff Maria Magdelena Sigoran is a current Tyson employee at Tyson's Lexington, Nebraska facility, who was employed during the relevant class period in this case. Ms. Sigoran presently resides at 508 West Vine Street, Lexington, NE 68850.

25.     Plaintiff Francisco Najarro Martinez is a current Tyson employee at Tyson's

Lexington, Nebraska facility, who was employed during the relevant class period in this

case. Mr. Martinez presently resides at P.O. Box 977, Lexington, NE 68850.

26.     Plaintiffs bring this class action for all state law claims on behalf of themselves

and all other similarly situated current and former production and support employees of

Defendant Tyson's beef processing facility located in Lexington, Nebraska. ("Class

members"). Moreover, the named Plaintiffs assert individual federal claims under the

Fair Labor Standards Act.

27.     Defendant Tyson Foods, Inc is a Delaware corporation who operates numerous

beef and chicken processing facilities located throughout the United States, including a

beef processing facility in Lexington, Nebraska. Defendant Tyson is a corporation

engaged in interstate commerce and in the production of goods for commerce in these

and various other locations throughout the United States. Tyson can be served with

original service of process through its agent for service, CT Corporation System, 1515

Market Street, 12th Floor, Philadelphia, PA 19102.

## IV.        CLASS ACTION ALLEGATIONS

28.     The Named Plaintiffs are individuals who are currently, or were within the

applicable period of limitations prior to the commencement of this action, employed by

Tyson at its beef processing facility in Lexington, Nebraska. This matter is maintainable

as a class action pursuant to Federal Rule of Civil Procedure 23(a), Rule 23(b)(1)(A) and

(B), and Rule 23(b)(3), on behalf of a Class consisting of: current and former production

and support employees of Tyson Foods, Inc. at its facility in Lexington, Nebraska (the

"Class").

6

29.     Plaintiffs believe that there are at least 2000 present and former production and support employees in the Class during the relevant Class period of July 1, 2001 to the present.

30.     Given Defendant Tyson's size and the systematic nature of Tyson's failure to comply with Nebraska statutory law and common law, the members of the Class are so numerous that joinder of all members is impractical.

31.     The Named Plaintiffs' claims are typical of the claims of the Class members because they are or were hourly production and support workers who, like the Class members, sustained damages arising out of Defendant's unlawful compensation system as described in more detail herein.

32.     Plaintiffs will fairly and adequately protect the interests of the Class members. Plaintiffs have retained counsel competent and experienced in complex class action and wage and hour litigation.

33.     Common questions of law and fact exist as to all Class members and predominate over any questions solely affecting individual Class members. Among the questions of law and fact common to Plaintiffs and the Class are:

      a.     Whether the work performed by Plaintiffs and the Class is included in the type of work Tyson employed Plaintiffs and the Class to perform;

      b.     Whether the work performed by Plaintiffs and the Class is compensable under Nebraska law;

      c.     Whether Defendant has engaged in a pattern and/or practice in Nebraska of forcing, coercing, and/or permitting Plaintiffs and the Class to perform work for Defendant's benefit which was not compensated;

d.   Whether Defendant has failed to permit meal and rest periods as required
     by Nebraska law, other applicable regulations, and/or Defendant's stated
     policies;

e.   Whether Defendant has failed to properly compensate Plaintiffs and the
     Class in connection with interruptions to their meal or rest periods;

f.   Whether Defendant has failed to keep true and accurate time records for
     all hours worked by its employees as required by Defendant's policies and
     the Nebraska Wage and Hour Act, R.R.S. Neb. §§ 48-1201-1209.

g.   Whether Defendant failed to pay Plaintiffs and the Class for all of the
     work Defendant required them to perform;

h.   Whether Defendant violated the Nebraska Wage and Hour Act, R.R.S.
     Neb. §§ 48-1201-1209;

i.   Whether Defendant violated the Nebraska Wage Payment and Collection
     Act, R.R.S. Neb. §§ 48-1228-1232; and

j.   The nature and extent of class-wide injury and the measure of damages for
     the injury.

34.   Class action treatment is superior to the alternatives for the fair and efficient
adjudication of the controversy alleged herein. Such treatment will permit a large
number of similarly situated persons to prosecute their common claims in a single forum
simultaneously, efficiently, and without the duplication of effort and expense that
numerous individual actions would entail. No difficulties are likely to be encountered in
the management of this class action that would preclude its maintenance as a class action,
and no superior alternative exists for the fair and efficient adjudication of this

8

controversy. The Class is readily identifiable from the Defendant's own employment records.

35.    Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct for Defendant.

36.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impractical. Furthermore, the amounts at stake for many of the Class members, while substantial, are not great enough to enable them to maintain separate suits against Defendant.

37.    Without a class action, Defendant will likely retain the benefit of its wrongdoing and will continue a course of action, which will result in further damages to Plaintiffs and the Class. Plaintiffs envision no difficulty in the management of this action as a class action.

## V.    **PRELIMINARY ALLEGATIONS**

38.    Defendant Tyson owns and operates a beef processing facility in Lexington, Nebraska. The complained of unlawful compensation system at issue in this Complaint has affected Defendant's present and former production and support employees at this location.

39.    Under Tyson's wage compensation system, Tyson pays Plaintiffs and Class members who are production employees only during the time that they are present on the actual production assembly line under a system known as "gang time." Conversely, Tyson, as a matter of policy and practice, does not pay its employees for all required pre-production line and post-production line activities that are necessary and integral to their

9

overall employment responsibilities, such as donning and doffing clothing, protective equipment, cleaning and sanitizing that equipment, walking to the production line from their locker and vise-versa after already performing compensable activities and before the end of compensable time, working on knife maintenance equipment known as "steels" or "mousetraps", and waiting in line to receive required knives, supplies tools and equipment needed for production line activities. Tyson pays its employees only 4 minutes a day for all of these activities, whereas Tyson's employees spend more than 30 minutes a day performing these compensable activities. Tyson also requires its employees to be present at the production line for periods after their "gang time" (i.e. the time when they stop getting paid) but they are not paid for that time.

40.     Pursuant to federal regulations and Tyson's own internal policies and procedures, Plaintiffs and Class members are required to wear uniforms and special personal protective equipment ("PPE") for protection and sanitary reasons. Uniforms include shirts, pants and boots. PPE includes, *inter alia*, plastic aprons, belly guards, wrist guards, sleeves, sheaths, gloves, mesh gloves, mesh aprons, hardhats, hairnets, earplugs, coveralls, eye protection, and other protective equipment and coverings. Most of Tyson's employees use knives and other sharp instruments in the course of their work and the PPE is designed to protect them from injury. The PPE and other required gear are also designed to protect Tyson's beef product from contamination by food borne diseases.

41.     As a consequence of the compensation system utilized by Defendant Tyson, Plaintiffs and Class members are not paid at the beginning of each shift for the time it takes to don uniforms, obtain gear, maintain gear, walk to sanitation stations and sanitize the required PPE, walk to productions areas and don PPE.

10

42.     At the beginning of each work day, Plaintiffs and Class members are required to report to their lockers to don their uniforms. Production employees must then obtain their PPE, walk to storage areas and obtain knives and other gear, work their steels and/or mousetraps, walk to the sanitation stations and sanitize their gear, walk to the production lines and don the PPE before paid time begins. These employees are not fully paid for this work time.

43.     Pursuant to Tyson's compensation system, employees are not fully compensated for time spent before or after paid time working steels or mousetraps, which is a necessary task for the performance of their job.

44.     During their unpaid lunch and other paid or unpaid breaks, Plaintiffs and Class members have to remove their PPE and then re-don it at the end of breaks. These employees are not paid for this work time.

45.     According to Tyson's compensation system, Plaintiffs and Class members are not paid during the time prior to and during their meal and rest periods, during which time they doff their PPE. Similarly, Plaintiffs and Class members are not paid at the end of meal and rest periods for the time they spend donning their PPE for continued work in production areas.

46.     After the end of paid time, employees must finish their work on production and other activities, walk to wash stations, doff their PPE, wait in line to wash the PPE, knives and other gear, walk to their lockers, doff their uniforms and stow the uniforms, PPE, knives and other gear.

47.     According to Tyson's compensation system, Plaintiffs and Class Members are not paid for all time worked during the time after "gang time" (when compensation stops)

11

although they continue to work on final production tasks and then walk to and wait at wash areas, doff PPE, wash PPE and gear, walk to lockers, doff uniforms and stow gear and uniforms.

48.     As a result of Tyson's compensation system, and other practices and policies followed by Defendant, Plaintiffs and Class members are not paid for all of the time which they work presently and they have not been paid for all of the time they have worked for several years.

49.     Plaintiffs and all Class members are similarly situated individuals who worked at and/or continue to work at Defendant's beef processing facility in Lexington, Nebraska and who were and/or continue to be deprived of their lawful wages under Nebraska law in the same manner.

50.     The facts and circumstances relating to Tyson's compensation system vis-à-vis production time and employment related activities prior to paid production time and after paid production time present common questions of law and fact pursuant to Federal Rule of Civil Procedure 23.

51.     The claims of the named Plaintiffs are typical of the claims of approximately 2000 similarly situated current and former employees. The named Plaintiffs are adequate representatives of those similarly situated employees in that the named Plaintiffs' claims are identical to the claims of the similarly situated employees and former employees.

52.     The Defendant's failure to pay Plaintiffs and Class members their lawful wages was and is willful. Defendant Tyson knew or should have known that its conduct was unlawful and/or showed reckless disregard for the matter of whether its above-described conduct was prohibited by law.

53.    Despite its knowledge that time spent by Plaintiffs and Class members, as described above, was compensable time under both state and federal law, Defendant Tyson has taken no steps to fully compensate workers at its Lexington, Nebraska facility for this time.

## V.    CAUSES OF ACTION

### COUNT I

**VIOLATION OF THE NEBRASKA WAGE AND HOUR ACT**
**R.R.S. Neb. §§ 48-1201-1209**
**All Class Members v. Tyson**

54.    Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

55.    Upon information and belief, the Class period for this cause of action is at least July 1, 2001 to the present.

56.    Defendant Tyson is required to compensate employees in the manner prescribed by The Nebraska Wage and Hour Act, R.R.S. Neb. §§ 48-1201-1209 which establishes, inter alia, a minimum wage that must be paid for work performed.

57.    Defendant Tyson is required to compensate employees who perform work at least at the minimum wage prescribed by The Nebraska Wage and Hour Act, R.R.S. Neb. §§ 48-1201-1209, if not at their higher agreed upon rate of pay.

58.    As a result of Defendant's unlawful acts, Plaintiffs and class members have been deprived of compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, together with statutory interest, costs and attorneys' fees.

59.    Plaintiffs and class members worked many hours without having been paid by Defendant Tyson on a weekly basis.

WHEREFORE, Plaintiffs and all other similarly situated pray for the following relief against Defendant Tyson:

A.  That this Court enter an Order certifying this action as a class action;

B.  That this Court Order an accounting of lost wages for Plaintiffs and all others similar situated;

C.  That this Court declares that Defendant Tyson's wage payment and overtime practices are unlawful;

D.  That this Court enjoin Defendant Tyson from continuing to commit unlawful practices related to wages; and

E.  That this Court award lost wages, lost overtime wages, statutory penalties, interest, costs and attorney's fees.

## COUNT II

## VIOLATION OF NEBRASKA WAGE PAYMENT AND COLLECTION ACT

### R.R.S. Neb. §§ 48-1228-1232

### All Class Members v. Tyson

60.   Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

61.   Upon information and belief, the Class period for this cause of action is at least July 1, 2001 to the present.

62.   As previously described, Defendant Tyson has failed to pay Plaintiffs their hourly rate of pay for all hours of work they performed as required by Nebraska law.  The uncompensated time includes, but is not limited to, time spent preparing, donning, doffing, and sanitizing sanitary and safety equipment and uniforms, obtaining tools,

14

equipment and supplies necessary for the performance of their work, "working" steels and mousetraps and performing all other activities in connection with these job functions, before and after paid time, and during both paid breaks and unpaid lunch breaks.

63.     Defendant Tyson's failure to pay Plaintiffs for these activities violates the Nebraska Wage Payment and Collection Act (NWPCA), R.R.S. Neb. §§ 48-1228-1232.

64.     As a result of Defendant Tyson's repeated violations of the NWPCA, Plaintiffs and class members have not received wages to which they were entitled under Nebraska law.  Accordingly, Plaintiffs and others similarly situated are entitled to their unpaid wages, penalties, costs and attorney's fees.

WHEREFORE, Plaintiffs and all other similarly situated pray for the following relief against Defendant Tyson:

A.  That this Court enter an Order certifying this action as a class action;

B.  That this Court Order an accounting of lost wages for Plaintiffs and all others similar situated;

C.  That this Court enjoin Defendant Tyson from continuing to commit unlawful practices related to wages; and

D.  That this Court award lost wages, lost overtime wages, statutory penalties, interest, costs and attorney's fees.

## COUNT III

### VIOLATION OF THE FAIR LABOR STANDARDS ACT
### 29 U.S.C. § 201 et seq.
### All Named Plaintiffs v. Tyson

15

65.     Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

66.     Pursuant to the Fair Labor Standards Act, specifically 29 U.S.C. § 207, Defendant Tyson was and is obligated to pay employees at a rate equal to one and one-half times their normal hourly rate of pay for all time spent performing compensable work in excess of 40 hours per week.

67.     Pursuant to the Fair Labor Standards Act, specifically 29 U.S.C. § 216(b), Defendant Tyson, because it failed to pay employees the required amount of overtime at the statutory rate, must reimburse the employees not only for the unpaid overtime wages, but also for liquidated damages in an amount equal to the amount of unpaid overtime wages.

68.     Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended if they are successful in prosecuting an action for unpaid overtime wages.

WHEREFORE, Plaintiffs pray for the following relief against Defendant Farmland:

A.  That this Court Order an accounting of lost wages for Plaintiffs;

B.  That this Court enjoin Defendant Tyson from continuing to commit unlawful practices related to wages; and

C.  That this Court award lost overtime wages, liquidated damages, statutory penalties, interest, costs and attorney's fees.

## JURY TRIAL DEMAND

Plaintiffs hereby demand a trial by jury for all issues so triable.

Respectfully submitted,

TODD D. BENNETT
Nebraska Bar # 20658
Rehm Bennett & Moore Law Firm
3701 Union Drive, Suite 200
Lincoln, NE 68516
Phone: (402) 474-2300
Facsimile: (402) 420-1508

BRIAN MCCAFFERTY
1617 JFK Boulevard, Suite 640
Philadelphia, PA 19103
Phone: (215) 569-9070
Facsimile: (215) 569-9070

JAIRUS M. GILDEN
Illinois Bar # 12972
2711 Eastwood Avenue
Evanston, IL 60201
Phone: (847) 328-8542
Facsimile: (847) 328-8542

**Attorneys for Plaintiffs**

DATED: June 30, 2006

## CONSENT TO JOIN SUIT AS PARTY PLAINTIFF

## TO: CLERK OF THE COURT AND COUNSEL OF RECORD

_Manuel Santana_ states the following.
**[Print name]**

1.      I am over 18 years of age and competent to give the following consent in this matter.

2.      I am currently or was formerly employed by Tyson Foods, at the facility located in Lexington Nebraska. I worked at this location from _April 10-2000_ to _present_

(If still working, write "present")

3.      I understand that this suit is being brought to recover from my employer compensation for pre- and post-production time activities. I also understand that the lawsuit may seek recovery for unpaid production time. I understand that the suit is brought pursuant to both federal law and applicable state statutes, if any.

4.      I believe I have not been paid for all compensable time which I have worked, including overtime.

5.      I hereby consent, agree, to be a plaintiff herein and to be bound by any settlement of the case or adjudication by the Court.

6.      I understand that this suit may be brought as a class action covering employees at the Tyson Foods plant in Lexington, Nebraska and possibly other plants owned by Tyson Foods.  If brought as a class action under either federal or state law, I agree to be a named plaintiff in such class.

I swear or affirm that the foregoing statements are true to the best of my knowledge,

Date: _6 - 15 - 06_

Signature: _Manuel Santana_

_Manuel Santana_
PRINT FULL NAME

## CONSENT TO JOIN SUIT AS PARTY PLAINTIFF

### TO: CLERK OF THE COURT AND COUNSEL OF RECORD

_Santos Corona_____ states the following.
   **[Print name]**

1.     I am over 18 years of age and competent to give the following consent in this matter.

2.     I am currently or was formerly employed by Tyson Foods, at the facility located in Lexington Nebraska. I worked at this location from _9-21-98_ to _present_
        (If still working, write "present")

3.     I understand that this suit is being brought to recover from my employer compensation for pre- and post-production time activities. I also understand that the lawsuit may seek recovery for unpaid production time. I understand that the suit is brought pursuant to both federal law and applicable state statutes, if any.

4.     I believe I have not been paid for all compensable time which I have worked, including overtime.

5.     I hereby consent, agree, to be a plaintiff herein and to be bound by any settlement of the case or adjudication by the Court.

6.     I understand that this suit may be brought as a class action covering employees at the Tyson Foods plant in Lexington, Nebraska and possibly other plants owned by Tyson Foods.  If brought as a class action under either federal or state law, I agree to be a named plaintiff in such class.

I swear or affirm that the foregoing statements are true to the best of my knowledge,

Date: _6/15/06_____

Signature: _Santos Corona_____

_Santos Corona_____
                   PRINT FULL NAME

## CONSENT TO JOIN SUIT AS PARTY PLAINTIFF

## TO: CLERK OF THE COURT AND COUNSEL OF RECORD

Carlos Medina _____ states the following.
**[Print name]**

1.      I am over 18 years of age and competent to give the following consent in this matter.

2.      I am currently or was formerly employed by Tyson Foods, at the facility located in Lexington Nebraska. I worked at this location from March 18 03 to  7-12 -06
        (If still working, write "present")

3.      I understand that this suit is being brought to recover from my employer compensation for pre- and post-production time activities. I also understand that the lawsuit may seek recovery for unpaid production time. I understand that the suit is brought pursuant to both federal law and applicable state statutes, if any.

4.      I believe I have not been paid for all compensable time which I have worked, including overtime.

5.      I hereby consent, agree, to be a plaintiff herein and to be bound by any settlement of the case or adjudication by the Court.

6.      I understand that this suit may be brought as a class action covering employees at the Tyson Foods plant in Lexington, Nebraska and possibly other plants owned by Tyson Foods.  If brought as a class action under either federal or state law, I agree to be a named plaintiff in such class.

I swear or affirm that the foregoing statements are true to the best of my knowledge,

Date:   6 · 12 - 0 6
Signature: X Carlos Medina

Carlos Medina
PRINT FULL NAME

## CONSENT TO JOIN SUIT AS PARTY PLAINTIFF

## TO: CLERK OF THE COURT AND COUNSEL OF RECORD

_____I Beth Lopez_____ states the following.
       **[Print name]**

1.     I am over 18 years of age and competent to give the following consent in this matter.

2.     I am currently or was formerly employed by Tyson Foods, at the facility located in Lexington Nebraska. I worked at this location from _3-6-01_ to _present_

        (If still working, write "present")

3.     I understand that this suit is being brought to recover from my employer compensation for pre- and post-production time activities. I also understand that the lawsuit may seek recovery for unpaid production time. I understand that the suit is brought pursuant to both federal law and applicable state statutes, if any.

4.     I believe I have not been paid for all compensable time which I have worked, including overtime.

5.     I hereby consent, agree, to be a plaintiff herein and to be bound by any settlement of the case or adjudication by the Court.

6.     I understand that this suit may be brought as a class action covering employees at the Tyson Foods plant in Lexington, Nebraska and possibly other plants owned by Tyson Foods. If brought as a class action under either federal or state law, I agree to be a named plaintiff in such class.

I swear or affirm that the foregoing statements are true to the best of my knowledge,

                    Date: _6-9-06_
                    Signature: _I Beth Lopez_


                    _I Beth Lopez_
                          PRINT FULL NAME

## CONSENT TO JOIN SUIT AS PARTY PLAINTIFF

## TO: CLERK OF THE COURT AND COUNSEL OF RECORD

_Dimas Lopez_____ states the following.
**[Print name]**

1.      I am over 18 years of age and competent to give the following consent in this matter.

2.      I am currently or was formerly employed by Tyson Foods, at the facility located in Lexington Nebraska. I worked at this location from _7-16/96_ to _present_
        (If still working, write "present")

3.      I understand that this suit is being brought to recover from my employer compensation for pre- and post-production time activities. I also understand that the lawsuit may seek recovery for unpaid production time. I understand that the suit is brought pursuant to both federal law and applicable state statutes, if any.

4.      I believe I have not been paid for all compensable time which I have worked, including overtime.

5.      I hereby consent, agree, to be a plaintiff herein and to be bound by any settlement of the case or adjudication by the Court.

6.      I understand that this suit may be brought as a class action covering employees at the Tyson Foods plant in Lexington, Nebraska and possibly other plants owned by Tyson Foods.  If brought as a class action under either federal or state law, I agree to be a named plaintiff in such class.

I swear or affirm that the foregoing statements are true to the best of my knowledge,

Date: _6/9/06_____

Signature: _Dimas Lopez_____

_Dimas Lopez_____
PRINT FULL NAME

## CONSENT TO JOIN SUIT AS PARTY PLAINTIFF

## TO: CLERK OF THE COURT AND COUNSEL OF RECORD

_Jose Sales Ortiz_ states the following.
      **[Print name]**

1.      I am over 18 years of age and competent to give the following consent in this matter.

2.      I am currently or was formerly employed by Tyson Foods, at the facility located in Lexington Nebraska. I worked at this location from _6 yrs ago_ to _present_
      (If still working, write "present")

3.      I understand that this suit is being brought to recover from my employer compensation for pre- and post-production time activities. I also understand that the lawsuit may seek recovery for unpaid production time. I understand that the suit is brought pursuant to both federal law and applicable state statutes, if any.

4.      I believe I have not been paid for all compensable time which I have worked, including overtime.

5.      I hereby consent, agree, to be a plaintiff herein and to be bound by any settlement of the case or adjudication by the Court.

6.      I understand that this suit may be brought as a class action covering employees at the Tyson Foods plant in Lexington, Nebraska and possibly other plants owned by Tyson Foods. If brought as a class action under either federal or state law, I agree to be a named plaintiff in such class.

I swear or affirm that the foregoing statements are true to the best of my knowledge,

Date: _06 - 15 - 06_

Signature: _Jose Sales Ortiz_

_JOSE SALES ORTIZ_
PRINT FULL NAME

## CONSENT TO JOIN SUIT AS PARTY PLAINTIFF

## TO: CLERK OF THE COURT AND COUNSEL OF RECORD

_Miguel Guico_ states the following.
**[Print name]**

1. I am over 18 years of age and competent to give the following consent in this matter.

2. I am currently or was formerly employed by Tyson Foods, at the facility located in Lexington Nebraska. I worked at this location from __5-15-95__ to __6-7-06__
(If still working, write "present")

3. I understand that this suit is being brought to recover from my employer compensation for pre- and post-production time activities. I also understand that the lawsuit may seek recovery for unpaid production time. I understand that the suit is brought pursuant to both federal law and applicable state statutes, if any.

4. I believe I have not been paid for all compensable time which I have worked, including overtime.

5. I hereby consent, agree, to be a plaintiff herein and to be bound by any settlement of the case or adjudication by the Court.

6. I understand that this suit may be brought as a class action covering employees at the Tyson Foods plant in Lexington, Nebraska and possibly other plants owned by Tyson Foods. If brought as a class action under either federal or state law, I agree to be a named plaintiff in such class.

I swear or affirm that the foregoing statements are true to the best of my knowledge,

Date: __6-7-06__
Signature: __Mguel A. Tia__

_Miguel Guico_
PRINT FULL NAME

## CONSENT TO JOIN SUIT AS PARTY PLAINTIFF

## TO: CLERK OF THE COURT AND COUNSEL OF RECORD

_Esperanza   Ceja  R._ states the following.
**[Print name]**

1.      I am over 18 years of age and competent to give the following consent in this matter.

2.      I am currently or was formerly employed by Tyson Foods, at the facility located in Lexington Nebraska. I worked at this location from _6 / 97_ to _5 / 03_

       (If still working, write "present")

       _9 / 04_ (no wait)

3.      I understand that this suit is being brought to recover from my employer compensation for pre- and post-production time activities. I also understand that the lawsuit may seek recovery for unpaid production time. I understand that the suit is brought pursuant to both federal law and applicable state statutes, if any.

4.      I believe I have not been paid for all compensable time which I have worked, including overtime.

5.      I hereby consent, agree, to be a plaintiff herein and to be bound by any settlement of the case or adjudication by the Court.

6.      I understand that this suit may be brought as a class action covering employees at the Tyson Foods plant in Lexington, Nebraska and possibly other plants owned by Tyson Foods.  If brought as a class action under either federal or state law, I agree to be a named plaintiff in such class.

I swear or affirm that the foregoing statements are true to the best of my knowledge,

Date: _6 / 5 / 06_

Signature: _Esperanza  Ceja R._

_Esperanza  Ceja  Reyes_
PRINT FULL NAME

## CONSENT TO JOIN SUIT AS PARTY PLAINTIFF

### TO: CLERK OF THE COURT AND COUNSEL OF RECORD

_Norma A. Medina_ states the following.
**[Print name]**

1.    I am over 18 years of age and competent to give the following consent in this matter.

2.    I am currently or was formerly employed by Tyson Foods, at the facility located in Lexington Nebraska. I worked at this location from _July 1, 1996_ to _April 22, 2005_
(If still working, write "present")

3.    I understand that this suit is being brought to recover from my employer compensation for pre- and post-production time activities. I also understand that the lawsuit may seek recovery for unpaid production time. I understand that the suit is brought pursuant to both federal law and applicable state statutes, if any.

4.    I believe I have not been paid for all compensable time which I have worked, including overtime.

5.    I hereby consent, agree, to be a plaintiff herein and to be bound by any settlement of the case or adjudication by the Court.

6.    I understand that this suit may be brought as a class action covering employees at the Tyson Foods plant in Lexington, Nebraska and possibly other plants owned by Tyson Foods.  If brought as a class action under either federal or state law, I agree to be a named plaintiff in such class.

I swear or affirm that the foregoing statements are true to the best of my knowledge,

Date: _06/07/06_

Signature: _Norma A. Medina_

_Norma A. Medina_
PRINT FULL NAME

# CONSENT TO JOIN SUIT AS PARTY PLAINTIFF

## TO: CLERK OF THE COURT AND COUNSEL OF RECORD

_Guadalupe Herrera - Arias_ states the following.
**[Print name]**

1.     I am over 18 years of age and competent to give the following consent in this matter.

2.     I am currently or was formerly employed by Tyson Foods, at the facility located in Lexington Nebraska. I worked at this location from _April 17, 1995_ to _June 6, 2006_
     (If still working, write "present")

3.     I understand that this suit is being brought to recover from my employer compensation for pre- and post-production time activities. I also understand that the lawsuit may seek recovery for unpaid production time. I understand that the suit is brought pursuant to both federal law and applicable state statutes, if any.

4.     I believe I have not been paid for all compensable time which I have worked, including overtime.

5.     I hereby consent, agree, to be a plaintiff herein and to be bound by any settlement of the case or adjudication by the Court.

6.     I understand that this suit may be brought as a class action covering employees at the Tyson Foods plant in Lexington, Nebraska and possibly other plants owned by Tyson Foods.  If brought as a class action under either federal or state law, I agree to be a named plaintiff in such class.

I swear or affirm that the foregoing statements are true to the best of my knowledge,

Date:  _6 - 7 - 06_

Signature: _Guadalupe Herrera-A_

_Guadalupe Herrera-Arias_
PRINT FULL NAME

## CONSENT TO JOIN SUIT AS PARTY PLAINTIFF

## TO: CLERK OF THE COURT AND COUNSEL OF RECORD

*Rafael Medina* _____ states the following.
**[Print name]**

1.      I am over 18 years of age and competent to give the following consent in this matter.

2.      I am currently or was formerly employed by Tyson Foods, at the facility located in Lexington Nebraska. I worked at this location from July 1, 1996 to Present

    (If still working, write "present")

3.      I understand that this suit is being brought to recover from my employer compensation for pre- and post-production time activities. I also understand that the lawsuit may seek recovery for unpaid production time. I understand that the suit is brought pursuant to both federal law and applicable state statutes, if any.

4.      I believe I have not been paid for all compensable time which I have worked, including overtime.

5.      I hereby consent, agree, to be a plaintiff herein and to be bound by any settlement of the case or adjudication by the Court.

6.      I understand that this suit may be brought as a class action covering employees at the Tyson Foods plant in Lexington, Nebraska and possibly other plants owned by Tyson Foods.  If brought as a class action under either federal or state law, I agree to be a named plaintiff in such class.

I swear or affirm that the foregoing statements are true to the best of my knowledge,

Date: ___06/01/06___

Signature: *Rafael Medina*

*Rafael Medina*
PRINT FULL NAME

## CONSENT TO JOIN SUIT AS PARTY PLAINTIFF

## TO: CLERK OF THE COURT AND COUNSEL OF RECORD

Dominga Mazariegos, states the following.
    **[Print name]**

1.    I am over 18 years of age and competent to give the following consent in this matter.

2.    I am currently or was formerly employed by Tyson Foods, at the facility located in Lexington Nebraska. I worked at this location from 2-09-99 to present

      (If still working, write "present")

3.    I understand that this suit is being brought to recover from my employer compensation for pre- and post-production time activities. I also understand that the lawsuit may seek recovery for unpaid production time. I understand that the suit is brought pursuant to both federal law and applicable state statutes, if any.

4.    I believe I have not been paid for all compensable time which I have worked, including overtime.

5.    I hereby consent, agree, to be a plaintiff herein and to be bound by any settlement of the case or adjudication by the Court.

6.    I understand that this suit may be brought as a class action covering employees at the Tyson Foods plant in Lexington, Nebraska and possibly other plants owned by Tyson Foods. If brought as a class action under either federal or state law, I agree to be a named plaintiff in such class.

I swear or affirm that the foregoing statements are true to the best of my knowledge,

      Date: 06-06-2006

      Signature: Dominga Mazariegos

      Dominga Mazariegos
                    PRINT FULL NAME

## CONSENT TO JOIN SUIT AS PARTY PLAINTIFF

## TO: CLERK OF THE COURT AND COUNSEL OF RECORD

Carlos Godinez states the following.

**[Print name]**

1.    I am over 18 years of age and competent to give the following consent in this matter.

2.    I am currently or was formerly employed by Tyson Foods, at the facility located in Lexington Nebraska. I worked at this location from _12 yrs + 4 mos_ to _present_

(If still working, write "present")

3.    I understand that this suit is being brought to recover from my employer compensation for pre- and post-production time activities. I also understand that the lawsuit may seek recovery for unpaid production time. I understand that the suit is brought pursuant to both federal law and applicable state statutes, if any.

4.    I believe I have not been paid for all compensable time which I have worked, including overtime.

5.    I hereby consent, agree, to be a plaintiff herein and to be bound by any settlement of the case or adjudication by the Court.

6.    I understand that this suit may be brought as a class action covering employees at the Tyson Foods plant in Lexington, Nebraska and possibly other plants owned by Tyson Foods.  If brought as a class action under either federal or state law, I agree to be a named plaintiff in such class.

I swear or affirm that the foregoing statements are true to the best of my knowledge,

Date: _____ 06-15-06

Signature: _____

Carlos Godinez

PRINT FULL NAME

**CONSENT TO JOIN SUIT AS PARTY PLAINTIFF**

**TO: CLERK OF THE COURT AND COUNSEL OF RECORD**

X*Maria M. Siagaran* states the following.
**[Print name]**

1.      I am over 18 years of age and competent to give the following consent in this matter.

2.      I am currently or was formerly employed by Tyson Foods, at the facility located in Lexington Nebraska. I worked at this location from _____ to _____

        (If still working, write "present")

3.      I understand that this suit is being brought to recover from my employer compensation for pre- and post-production time activities. I also understand that the lawsuit may seek recovery of unpaid production time. I understand that the suit is brought pursuant to both federal law and applicable state statutes, if any.

4.      I believe I have not been paid for all compensable time which I have worked, including overtime.

5.      I hereby consent, agree, to be a plaintiff herein and to be bound by any settlement of the case or adjudication by the Court.

6.      I understand that this suit may be brought as a class action covering employees at the Tyson Foods plant in Lexington, Nebraska and possibly other plants owned by Tyson Foods.  If brought as a class action under either federal or state law, I agree to be a named plaintiff in such class.

I swear or affirm that the foregoing statements are true to the best of my knowledge,

Date: X *6·11·06*
Signature: *Maria M. Siagaran*

X*Maria M. Siagaran*
PRINT FULL NAME

## CONSENT TO JOIN SUIT AS PARTY PLAINTIFF

## TO: CLERK OF THE COURT AND COUNSEL OF RECORD

_Brenda Revolorio_____ states the following.
**[Print name]**

1.      I am over 18 years of age and competent to give the following consent in this matter.

2.      I am currently or was formerly employed by Tyson Foods, at the facility located in Lexington Nebraska. I worked at this location from _10-31-00_ to _Present_
        (If still working, write "present")

3.      I understand that this suit is being brought to recover from my employer compensation for pre- and post-production time activities. I also understand that the lawsuit may seek recovery for unpaid production time. I understand that the suit is brought pursuant to both federal law and applicable state statutes, if any.

4.      I believe I have not been paid for all compensable time which I have worked, including overtime.

5.      I hereby consent, agree, to be a plaintiff herein and to be bound by any settlement of the case or adjudication by the Court.

6.      I understand that this suit may be brought as a class action covering employees at the Tyson Foods plant in Lexington, Nebraska and possibly other plants owned by Tyson Foods.  If brought as a class action under either federal or state law, I agree to be a named plaintiff in such class.

I swear or affirm that the foregoing statements are true to the best of my knowledge,

Date: _6-15-06_____

Signature: _Brenda Revolorio._____

_Brenda Revolorio_____
PRINT FULL NAME

## CONSENT TO JOIN SUIT AS PARTY PLAINTIFF

## TO: CLERK OF THE COURT AND COUNSEL OF RECORD

_Mario Mazariegos_ states the following.
**[Print name]**

1.    I am over 18 years of age and competent to give the following consent in this matter.

2.    I am currently or was formerly employed by Tyson Foods, at the facility located in Lexington Nebraska. I worked at this location from _11/28/94_ to _present_
   (If still working, write "present")

3.    I understand that this suit is being brought to recover from my employer compensation for pre- and post-production time activities. I also understand that the lawsuit may seek recovery for unpaid production time. I understand that the suit is brought pursuant to both federal law and applicable state statutes, if any.

4.    I believe I have not been paid for all compensable time which I have worked, including overtime.

5.    I hereby consent, agree, to be a plaintiff herein and to be bound by any settlement of the case or adjudication by the Court.

6.    I understand that this suit may be brought as a class action covering employees at the Tyson Foods plant in Lexington, Nebraska and possibly other plants owned by Tyson Foods. If brought as a class action under either federal or state law, I agree to be a named plaintiff in such class.

I swear or affirm that the foregoing statements are true to the best of my knowledge,

Date: _06-06-06_

Signature: _Mario Mazariegos_

_Mario Mazariegos_
PRINT FULL NAME

## CONSENT TO JOIN SUIT AS PARTY PLAINTIFF

## TO: CLERK OF THE COURT AND COUNSEL OF RECORD

_Abel Maravilla_ _____ states the following.
**[Print name]**

1.      I am over 18 years of age and competent to give the following consent in this matter.

2.      I am currently or was formerly employed by Tyson Foods, at the facility located in Lexington Nebraska. I worked at this location from _04 - 2000_ to _Present_
        (If still working, write "present")

3.      I understand that this suit is being brought to recover from my employer compensation for pre- and post-production time activities. I also understand that the lawsuit may seek recovery for unpaid production time. I understand that the suit is brought pursuant to both federal law and applicable state statutes, if any.

4.      I believe I have not been paid for all compensable time which I have worked, including overtime.

5.      I hereby consent, agree, to be a plaintiff herein and to be bound by any settlement of the case or adjudication by the Court.

6.      I understand that this suit may be brought as a class action covering employees at the Tyson Foods plant in Lexington, Nebraska and possibly other plants owned by Tyson Foods.  If brought as a class action under either federal or state law, I agree to be a named plaintiff in such class.

I swear or affirm that the foregoing statements are true to the best of my knowledge,

Date: _6-2, 06_

Signature: _X Abel Maravilla_

_Abel Maravilla Cortez_
PRINT FULL NAME

## CONSENTIMIENTO DE AFILIARSE A DEMANDA
## COMO UN DEMANDANTE DE PARTIDO

### PARA:  OFICINISTA DEL TRIBUNAL Y CONSULTOR DE REGISTRO

Francisco Martinez declara lo siguiente:
[Nombre en molde]

1.     Soy mayor de 18 anos de edad y competente para dar el consentimiento siguiente en esta materia.

2.     Yo estoy presentemente empleado, o lo estuve en el pasado en Tyson Foods, en la planta localizada en Lexington, Nebraska.  Trabaje en esta localizacion desde 6-10-96 hasta presente
Si todavia trabaja aqui  por  favor de escribir "presente"

3.     Entiendo que esta demanda está siendo traída para reponer compensación de mi empleador para pre-actividades de tiempo de post-producción.  También entiendo que la demanda puede buscar la recuperación durante el tiempo de producción no pagado. Entiendo que la demanda es traída tanto de acuerdo con estatutos estatales, si es que hay.

4.     Creo que no me han pagado por todo el tiempo compensable que he trabajado, incluso horas extras.

5.     Por este medio consiento, estoy de acuerdo, de ser un demandante aquí y estar ligado por cualquier establecimiento del caso o juicio por el Tribunal.

6.     Entiendo que esta demanda puede ser traída como una acción de clase que cubre a empleados en la Tyson Foods en Lexington, Nebraska y posiblemente otras plantas poseídas por Tyson Foods. De ser traído como una acción de clase conforme a la ley federal o conforme a estatal, consiento en ser un demandante llamado en tal clase.

Juro o afirmo que las declaraciones anteriores son verdaderas basandome a mi conocimiento, información o creencia.

Fecha: 6-15-06

Firma: Magallo

Francisco. martinez
Nombre en letra de molde

Form #1

## CONSENT TO JOIN SUIT AS PARTY PLAINTIFF

### TO: CLERK OF THE COURT AND COUNSEL OF RECORD

_Guadalupe Macias_ states the following.

**[Print name]**

1.      I am over 18 years of age and competent to give the following consent in this matter.

2.      I am currently or was formerly employed by Tyson Foods, at the facility located in Lexington Nebraska. I worked at this location from _1992_ to _present_

(If still working, write "present")

3.      I understand that this suit is being brought to recover from my employer compensation for pre- and post-production time activities. I also understand that the lawsuit may seek recovery for unpaid production time. I understand that the suit is brought pursuant to both federal law and applicable state statutes, if any.

4.      I believe I have not been paid for all compensable time which I have worked, including overtime.

5.      I hereby consent, agree, to be a plaintiff herein and to be bound by any settlement of the case or adjudication by the Court.

6.      I understand that this suit may be brought as a class action covering employees at the Tyson Foods plant in Lexington, Nebraska and possibly other plants owned by Tyson Foods.  If brought as a class action under either federal or state law, I agree to be a named plaintiff in such class.

I swear or affirm that the foregoing statements are true to the best of my knowledge,

Date: _6-15-06_

Signature: _X Guadalupe Macias_

_GUADALUPE MACIAS_
PRINT FULL NAME

## CONSENT TO JOIN SUIT AS PARTY PLAINTIFF

## TO: CLERK OF THE COURT AND COUNSEL OF RECORD

_Maria De Jesus Ramirez_ states the following.
**[Print name]**

1.      I am over 18 years of age and competent to give the following consent in this matter.

2.      I am currently or was formerly employed by Tyson Foods, at the facility located in Lexington Nebraska. I worked at this location from _7/27/99_ to _5/12/04_

(If still working, write "present")

3.      I understand that this suit is being brought to recover from my employer compensation for pre- and post-production time activities. I also understand that the lawsuit may seek recovery for unpaid production time. I understand that the suit is brought pursuant to both federal law and applicable state statutes, if any.

4.      I believe I have not been paid for all compensable time which I have worked, including overtime.

5.      I hereby consent, agree, to be a plaintiff herein and to be bound by any settlement of the case or adjudication by the Court.

6.      I understand that this suit may be brought as a class action covering employees at the Tyson Foods plant in Lexington, Nebraska and possibly other plants owned by Tyson Foods.  If brought as a class action under either federal or state law, I agree to be a named plaintiff in such class.

I swear or affirm that the foregoing statements are true to the best of my knowledge,

Date: _6/4/06_

Signature: _Maria De Jesus Ramirez_

_Maria De Jesus Ramirez_
PRINT FULL NAME