IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **DIMAS LOPEZ, et al.,** | ) | |
| | ) | |
| Plaintiffs, | ) | 8:06CV459 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| **TYSON FOODS, INC.,** | ) | |
| | ) | |
| Defendant. | ) | |

    This matter is before the court on the defendant's request for the place of trial to changed to North Platte, Nebraska (Filing No. 19). The defendant filed an affidavit attached to the request in support of changing the place of trial from Omaha to North Platte, Nebraska. **See** Filing No. 20, Exhibit A. The plaintiffs filed a brief (Filing No. 22) in opposition to the defendant's request. The defendant filed a reply brief (Filing No. 23).

## BACKGROUND

    According to the allegations in the complaint, the plaintiffs filed the instant action as a class action on behalf of current and former production and support employees of the defendant at its beef processing facility in Lexington, Nebraska. **See** Filing No. 1 ¶ 1. The plaintiffs seek damages for unpaid wages, unpaid overtime wages, declaratory and injunctive relief under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* Specifically, the plaintiffs allege the defendant does not compensate employees for time spent preparing, donning, doffing, and sanitizing sanitary and safety equipment and clothing; obtaining tools, equipment and supplies necessary for the performance of their work; "working" steels and other activities in connection with these job functions before and after paid time and during both paid breaks and unpaid lunch breaks. ***Id.*** ¶ 3.

    The plaintiffs did not specifically request a location for trial in their complaint, but placed the words "Omaha Division" with the court designation in the caption. **See** Filing No. 1. In its answer, the defendant made a request for trial to be held in North Platte, Nebraska. **See** Filing No. 19, p. 12. The plaintiffs filed a response in opposition to a

change in the place of trial but did not file an affidavit in support of their designation for place of trial. The defendant filed a reply brief responding to the plaintiffs' arguments.

## ANALYSIS

The relevant local rule, NECivR 40.1(b) provides:

> The plaintiff at the time of filing a complaint in a civil action . . . shall make written request for trial of the case at Omaha, Lincoln, or North Platte. Each defendant or third-party defendant at the time of filing that defendant's first pleading in a civil action, . . . may file a written request for trial at Omaha, Lincoln, or North Platte. If the request is for a place different from that requested by the plaintiff, third-party plaintiff, or removing party, it must be accompanied by a supporting affidavit.

In deciding the place of trial "the judge shall give consideration to the convenience of litigants, witnesses and counsel." NECivR 40.1(b)(2). Such consideration involves weighing the interests similar to that performed by a court in consideration of a motion for change of venue pursuant to 28 U.S.C. § 1404(a), which provides for transfers from one district to another or from one division within a district to another. **See** 28 U.S.C. § 1404(a). Section 1404(a) provides that the convenience of the parties and of witnesses, as well as the interest of justice, must be considered in transferring a case to another district. **Id.** Under section 1404(a), the convenience of litigants and witnesses are generally considered to be the most critical factors, while the convenience of counsel, though a factor to be considered, is seldom of controlling weight. **Standard Office Sys. v. Ricoh Corp.**, 742 F. Supp. 534, 537 (W.D. Ark. 1990). The court's local rules contain no provision similar to the provision contained in section 1404(a) regarding consideration of the "interest of justice." **Compare** 28 U.S.C. § 1404(a) (requiring courts to consider convenience of witnesses and parties along with the "interest of justice"), **with** NECivR 40.1(b)(2) (instructing judges to consider the convenience of the parties, witnesses, and counsel).

The party seeking to change the place of trial within this district bears the burden of establishing that the transfer should be granted. **See** NECivR 40.1(b); **compare Terra Int'l, Inc. v. Mississippi Chem. Corp.**, 119 F.3d 688, 695 (8th Cir. 1997) (movant bears

8:06-cv-00459-LES-TDT   Doc # 24   Filed: 09/15/06   Page 3 of 4 - Page ID # 112

burden under section 1404(a)).  The plaintiff's choice of forum is given great weight and should not be disturbed unless the movant makes a clear showing that the balance of interests weighs in favor of the movant.  **BASF Corp. v. Symington**, 50 F.3d 555, 557 (8th Cir. 1994); **Gen. Comm. of Adjustment v. Burlington N.R.R.**, 895 F. Supp. 249, 252 (E.D. Mo. 1995).  A transfer should not be granted if the effect is to merely shift the inconvenience from one party to the other.  **Nelson**, 747 F. Supp. at 535 (**citing Van Dusen v. Barrack**, 376 U.S. 612, 646 (1964)); **General Comm.**, 895 F. Supp. at 252; **see also Ferens v. John Deere Co.**, 494 U.S. 516, 522-23 (1990).

Nineteen of the named plaintiffs are residents of Lexington, Nebraska, and the one remaining named plaintiff is a resident of Cozad, Nebraska.  **See** Filing No. 1 ¶¶ 6-25.  The defendant's facility at issue is located in Lexington, Nebraska.  **Id.** ¶ 1.  Many of the principal witnesses will be employees from the defendant's facility located in Lexington, Nebraska.  **See** Filing No. 20, Ex. A ¶ 4.  Lexington, Nebraska is approximately one hour by car to North Platte, and three hours to Omaha.  **Id.** ¶¶ 2-3.  The defendant contends a trial in North Platte, Nebraska would be less disruptive to its employees and production at the Lexington facility, because of the closer location.  The plaintiffs have counsel located in Lincoln, Nebraska and counsel from the states of Pennsylvania and Illinois.  The defendant has counsel located in Omaha, Nebraska and counsel from Washington, D.C.

The plaintiffs argue trial should remain in Omaha, or be changed to Lincoln, Nebraska.  **See** Filing No. 22, p. 2.  The plaintiffs contend trial in North Platte would not be convenient for either of the parties' legal counsel.  However, a Lincoln trial would be closer to the Lexington facility than Omaha, and be less inconvenient for local and out of state counsel.  Additionally, the plaintiffs argue that the individual plaintiffs agreed to shoulder the burden of appearing in Omaha and so the inconvenience to the plaintiffs should not be taken into consideration.  Finally, the plaintiffs are concerned the matter will be reassigned to alternate judges, if trial is relocated.

The convenience of the parties and witnesses, on the basis of the affidavits before the court, appears to favor North Platte.  The relative convenience of trial in North Platte outweighs the convenience to counsel of having trial in Omaha or Lincoln.  After reviewing the materials submitted by the parties at this time, the court finds that, upon consideration

of all factors pursuant to NECivR 40.1(b)(2), the place of trial should be North Platte, Nebraska. The matter will remain assigned to Chief Judge Bataillon for trial in North Platte. Upon consideration,

**IT IS ORDERED:**

1. The defendant's request for place of trial to be North Platte, Nebraska (Filing No. 19) is granted.

2. The plaintiffs' request for place of trial to be Omaha, Nebraska (Filing No. 1), or in the alternative, to be Lincoln, Nebraska (Filing No. 22) is denied.

3. The Clerk of Court shall amend the docket in this matter to reflect the place of trial is North Platte, Nebraska.

DATED this 15th day of September, 2006.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge