IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **DIMAS LOPEZ, et al., individually, and on behalf of a class of others similarly situated,** | ) ) ) | **8:06CV459** |
| | ) | |
| Plaintiffs, | ) ) | **PROTECTIVE ORDER** |
| v. | ) ) | |
| **TYSON FOODS, INC.,** | ) ) | |
| Defendant. | ) ) | |

This matter is before the court on the parties' joint stipulation for a protective order (Filing No. 49). The parties jointly stipulate and request the Court to enter a protective order pursuant to Fed. R. Civ. P. 26(c), to ensure and maintain the confidentiality of certain personnel and training records and materials as well as other records the plaintiffs or the defendant may produce in response to pretrial discovery requests. The plaintiffs allege that they were denied proper compensation under the Fair Labor Standards Act and various state law theories. It is anticipated that in discovery the plaintiffs will seek sensitive confidential information related to the defendant's employees and business practices. Upon consideration,

**IT IS ORDERED:**

The parties' joint stipulation for a protective order (Filing No. 49) is granted as set forth below.

**PROTECTIVE ORDER**

1. Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the parties may designate documents, information and/or materials as "Confidential." All documents, information or materials designated as "Confidential" shall be entitled to protection as provided for in this Order. Documents, information or materials that may be designated as "Confidential" include:  a) sensitive personnel-related information, including performance

evaluations, disability or medical files, social security numbers, wage information, personnel files or other employment-related materials concerning Defendant's present and former employees, including Plaintiffs; and b) proprietary, confidential, commercially valuable and/or competitively sensitive information concerning Defendant that is produced or otherwise conveyed during this litigation to Plaintiffs, including but not limited to: sensitive management and employee training materials, payroll information, and management policies, handbooks and/or manuals not shared with hourly employees.  If any party determines that any of its answers to written discovery requests, production, and/or deposition testimony, or those of a third party, contain "Confidential" information, the specific item or passage of testimony shall be marked "Confidential" and shall not be disclosed to any third parties except as provided in this Order and Agreement.

     2.    It is expressly understood that this Order and Agreement shall not apply to any formerly "Confidential" information that Defendant has made known or make known to or available for use to the public and/or the industry in which Defendant is engaged.

     3.    Plaintiffs and Defendant have the right to designate as "Confidential" materials produced, disclosed, or possessed by each other.  If a party does not agree with the designation, it shall nevertheless treat the documents or information as "Confidential" until such time as this Court determines that such materials are not entitled to be treated as "Confidential."  In the event that any party disagrees with the designation of any item as 'Confidential' and subject to this Protective Order, that party shall send a written notice to opposing counsel specifying the items in question and specifying the basis for the objection within 30 days of the receipt of the designation.  In the event that the parties cannot reach an agreement concerning the confidentiality of the items in question, the party proposing confidentiality and designating the items as confidential shall, within 30 days after the receipt of the objection to the designation, file a motion with the Court requesting a determination as to whether the item is properly subject to this Protective Order.  In the event a party files a motion, the burden of proof and persuasion shall be on the party proposing confidentiality.

A deposition transcript shall be treated as "Confidential" for a period of eleven (11) days following the transmission of the transcript to counsel.  During that eleven (11) day

period, counsel for the parties may designate specific portions of the transcript as "Confidential." Objections to such designation shall be addressed pursuant to the procedures in this paragraph.

4.  All documents, information, and materials designated as "confidential" shall be maintained as "Confidential" and shall not be used except in connection with the litigation of this matter. Documents, information and materials designated as "Confidential" may be disclosed by the opposing counsel only to the Court, Court personnel, jury members, counsel of record for the parties (including all attorneys and support staff of the law firm), Defendant's in-house counsel, or pursuant to the provisions of paragraph 6, below. Individual plaintiffs shall be permitted to view documents, information and other materials that are solely related to their personal information, regardless of whether the information is designated as "confidential" or not – in doing so, the confidential information of other Plaintiffs or individuals shall not be disclosed to the individual Plaintiff. Representative Plaintiffs will be entitled to review confidential information about the case, but will first read and sign a copy of Exhibit A. The parties shall not otherwise disclose any "Confidential" documents, information, and materials except pursuant to a written agreement by counsel, or absent such agreement, pursuant to an Order of this Court upon Motion duly made. Nothing in this Protective Order shall limit any party or person in the use of its own documents, information, or things for any purpose. Nothing in this Order shall preclude the receiving party from using "confidential" data to make reports, taking screen prints, or creating simulations, etc., but such work product shall itself be deemed "confidential."

5.  In the event that any "Confidential" materials will be included with, or the contents thereof are in any way disclosed in any pleading, motion, deposition transcript, or other document filed with the Clerk of this Court or this Court, the party intending to file such material shall file a notice with the Court requesting to file such information under seal.

If the party filing the notice is also the party claiming confidentiality, then it should file (concurrently with the notice) a motion in support of filing such information under seal identifying the particular information and/or documents sought to be filed under seal and shall set forth specific facts that would justify sealing the information. Within 14 days of the

motion, any other party may file a brief in opposition to filing the information under seal. The party filing the motion to file under seal may then file a reply brief within 14 days of the opposition brief. The burden of proof and persuasion shall be on the party claiming confidentiality.

If the party filing the notice is not the party claiming confidentiality, then within 14 days of the notice, the party claiming confidentiality shall file a motion in support of filing such information under seal identifying the particular information and/or documents sought to be filed under seal and shall set forth specific facts that would justify sealing the information. Within 14 days of the motion, any other party may file a brief in opposition to filing the information under seal. The party filing the motion to file under seal may then file a reply brief within 14 days of the opposition brief. The burden of proof and persuasion shall be on the party claiming confidentiality

6.   A party may disclose documents, information, and materials designated as "Confidential" by the opposing party to experts, consultants, deposition witnesses, and/or other witnesses (including individual parties) who have a need to review the material solely in connection with their potential and actual testimony in this case and who agree to be bound by this Order. Any third parties provided access to information, documents, or materials designated as "Confidential" shall not disclose that information except in deposition, expert report or court testimony.

Any person, other than the Court or counsel as specified in paragraph 4, who is to obtain access to "Confidential" materials pursuant to this Order shall, consistent with the above provisions and prior to the receipt of such "Confidential" materials, sign a copy of Exhibit A, "Statement of Confidentiality," which is attached hereto, agreeing to abide by the terms of this Order and Agreement and agreeing to submit to the jurisdiction of this Court for enforcement of the terms of this Order. Any signed Statement of Confidentiality shall be forwarded to opposing counsel within ten (10) days of the final disposition of this matter.

7.   Nothing in this Order and Agreement shall prohibit the parties from using "Confidential" documents and information in depositions conducted in this litigation provided that the deponent agrees to be bound by this Order and Agreement. In the event that a deponent declines a request by either party to execute a Statement of Confidentiality

(Exhibit A) agreeing to be bound by the terms and provisions of this Order and Agreement, no "confidential" information, documents or other materials shall be disclosed to the deponent unless and until the party conducting the deposition has had a reasonable opportunity to seek the Court either to compel the deponent to agree to this Protective Order or to provide some other form of relief.

8. This Order and Agreement does not affect the right of Defendant to use "Confidential" documents or information in the ordinary course of business, so long as they are specifically treated as confidential.

9. The termination of this action shall not relieve any person to whom "Confidential" materials have been provided or disclosed from the obligations of this Order and Agreement, unless the Court so orders or the parties otherwise agree. The parties agree that either may seek leave to reopen this case after final disposition in order to seek enforcement of the provisions of this protective order.

10. No later than 60 days prior to trial the parties shall confer about the use of "Confidential" information at trial, and thereafter may raise the issue with the Court as needed. In the event that any "Confidential" materials are used in any Court proceeding herein, such material shall not lose its "Confidential" status through such use, and the parties shall take steps reasonably required to protect its confidentiality during such use.

11. The terms of this Order shall continue unless and until modified and/or terminated by further Order of this Court or by agreement of the parties. Any party may apply to the Court at any time for the modification or exception to this Order.

12. Once this matter is concluded, whether by settlement or by final Order not appealed, all "Confidential" materials shall be promptly destroyed or returned to the producing party within thirty (30) days, except that briefs and other pleadings prepared for use in this litigation need not be returned or destroyed but shall be kept "Confidential." Counsel for each of the parties shall certify, in writing, to opposing counsel that all "Confidential" materials, including all copies and all materials provided to any person pursuant to paragraph 6 herein, have been returned or destroyed.

13. If a request to file documents under seal is granted pursuant to paragraph 5 herein, all "Confidential" materials filed with the Clerk of the Court shall be withdrawn by the

party that filed such material and returned to the producing party, if applicable, within forty (40) days of the entry of a final Order disposing of the case on the merits or by agreement of the parties.

14. During the course of this litigation, the parties, by their counsel only, shall be entitled to view or otherwise withdraw "Confidential" materials held by the Clerk of this Court by providing the Clerk with a copy of this Order and appropriate identification verifying that they have entered an Appearance in this action.

DATED this 6th day of February, 2007.

BY THE COURT:

 s/Thomas D. Thalken
United States Magistrate Judge

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **DIMAS LOPEZ, et al., individually,** | ) | |
| **and on behalf of a class of others** | ) | |
| **similarly situated,** | ) | **8:06CV459** |
| | ) | |
| Plaintiffs, | ) | **STATEMENT OF CONFIDENTIALITY** |
| | ) | |
| v. | ) | |
| | ) | |
| **TYSON FOODS, INC.,** | ) | |
| | ) | |
| Defendant. | ) | |

The undersigned states that he or she has read the Protective Order entered in the case of ***Lopez, et al v. Tyson Foods Inc.***, Case Number 8:06CV459, District of Nebraska; agrees in return for the right to have access to the confidential materials in that case to comply with the terms of the Protective Order; and submits to the personal jurisdiction of the Federal District Court for the District of Nebraska, for the purpose of enforcement of this Protective Order.

This ___ day of _____, 200__.

Signature: _____

Name Printed: _____

List of Documents or Other Confidential Information Provided: