IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DIMAS LOPEZ, IBETH LOPEZ, SANTOS CORONA, ABEL MARAVILLA, MARIA DE JESUS RAMIREZ, MIGUEL GUICO, DOMINGA MAZARIEGOS, JOSE SALES ORTIZ, MANUEL SANTANA, CARLOS GODINEZ, MARIO MAZARIEGOS, CARLOS MEDINA, BRENDA REVOLORIO, GUADALUPE MACIAS, RAFAEL MEDINA, NORMA MEDINA, GUADALUPE HERRERA-ARIAS, ESPERANZA CEJA REYES, MARIA MAGDELENA SIGORAN, and FRANCISCO NAJARRO MARTINEZ,<br><br>　　　　　　Plaintiffs,<br><br>　　V.<br><br>TYSON FOODS,<br><br>　　　　　　Defendant. | 8:06CV459<br><br>MEMORANDUM AND ORDER |

　　　　This matter is before the court on defendant's motion for partial summary judgment[1], Filing No. 29. Plaintiffs bring this action against the defendants on behalf of themselves and others purported to be part of a class alleging violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq., the Nebraska Wage and Hour Act, Neb. Rev. Stat. §§ 48-1201-1209, and the Nebraska Wage Payment and Collection Act, Neb. Rev. Stat. §§ 48-1228-1232. The court has carefully reviewed the record and determines that the motion should be denied.

---

[1] Defendant is not seeking summary judgment on the state law claims at this time.

**STANDARD OF REVIEW**

On a motion for summary judgment, the question before the court is whether the record, when viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Mansker v. TMG Life Ins. Co.*, 54 F.3d 1322, 1326 (8th Cir. 1995). Where unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate. *Id.*

The burden of establishing the nonexistence of any genuine issue of material fact is on the moving party. Fed. R. Civ. P. 56(c); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). Therefore, if defendant does not meet its initial burden with respect to an issue, summary judgment must be denied notwithstanding the absence of opposing affidavits or other evidence. *Adickes*, 398 U.S. at 159-60; *Cambee's Furniture, Inc. v. Doughboy Recreational Inc.*, 825 F.2d 167, 173 (8th Cir. 1987).

Once defendant meets its initial burden of showing there is no genuine issue of material fact, plaintiff may not rest upon the allegations of his or her pleadings but rather must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. *See* Fed. R. Civ. P. 56(e); *Chism v. W.R. Grace & Co.*, 158 F.3d 988, 990 (8th Cir. 1998). The party opposing the motion must do more than simply show that there is some metaphysical doubt as to the material facts; he or she must show "there is sufficient evidence to support a jury verdict" in his or her favor. *Id.* Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof

2

at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Facts are viewed in the light most favorable to the nonmoving party, "in order to defeat a motion for summary judgment, the non-moving party cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." *Carter v. St. Louis University,* 167 F.3d 398, 401 (8th Cir. 1999); *Ghane v. West,* 148 F.3d 979, 981 (8th Cir. 1998). In ruling on a motion for summary judgment, a court must not weigh evidence or make credibility determinations. *Kenney v. Swift Transp. Co.*, 347 F.3d 1041, 1044 (8th Cir. 2003).

In passing on a motion for summary judgment, it is not the court's role to decide the merits. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) (on motion for summary judgment, district court should not weigh evidence or attempt to determine truth of matter). The court must simply determine whether there exists a genuine dispute of material fact. *Bassett v. City of Minneapolis*, 211 F.3d 1097, 1107 (8th Cir. 2000).

**BACKGROUND**

Plaintiffs include former and current employees of defendant at its beef processing plant in Lexington, Nebraska. Plaintiffs contend that the defendant has failed to compensate them for time spent (1) donning and doffing required clothing and safety equipment, before, during and after their shifts, (2) preparing safety supplies and equipment, and (3) walking that follows or relates to these activities.[2] Plaintiffs have filed this suit alleging that they are entitled to compensation for donning and doffing and

---

[2]Defendant admits that the Supreme Court recently ruled that Tyson (IBP, Inc.) must compensate employees for walking time that follows compensable pre- or post-shift activities. *IBP, Inc. v. Alvarez*, 546 U.S. 21 (2005). Defendant does not bring the walking claim in this motion for summary judgment.

washing non-unique equipment (hard hats, earplugs, safety shoes, safety glasses) at all times during the continuous workday including meal breaks.

**DISCUSSION**

Defendant first argues that these issues were previously decided in an enforcement action brought by the Secretary of Labor.  *Reich v. IBP, Inc.*, No. 88-2171-EEO, 1996 WL 445072 (D. Kan. July 30, 1996), *aff'd, Metzler v. IBP, Inc.*, 127 F.3d 959 (10th Cir. 1997). In 1988 the Secretary of Labor brought an action against defendant and all of its non-union facilities for pre- and post-shift time spent on clothing issues.  After twelve years and four published opinions, a nationwide injunction issued and the parties negotiated a settlement. That case resulted in a permanent and nationwide injunction being issued, dictating that certain pre- and post-shift activities must be compensated by the defendant.  As a consequence of these cases and a settlement in *Herman v. IBP, Inc.*, No. 98-CV-2163-JWL (D. Kan. April 10, 1998), knife-wielding employees received pay for an extra four minutes per shift.  Defendant contends that because it complies with the federal injunction and these court decisions, plaintiffs' claims in this case are barred.  Defendant further argues that it should receive summary judgment pursuant to 29 U.S.C. § 259(a) which provides a complete defense to employers who rely on an enforcement policy set forth by the DOL.

Plaintiffs contend that defendant cannot show that it is in compliance with the 1996 permanent injunction issued in *Riech*.  Second, plaintiffs argue that the FLSA bar is inapplicable since the Secretary of Labor has no pending suit against defendant involving the Lexington plant.  Third, plaintiffs argue that under *Alvarez* and the recent Department of Labor ( DOL) Advisory Memorandum, June 6, 2002, Pl.'s Ex. B, Filing No. 31, such time

is compensable. Finally, plaintiffs contend that since 2001 the DOL has required that the compensation time no longer be based on an average but must be based by actual time taken to perform the compensable work.

The court agrees with the plaintiffs and finds the motion for summary judgment should be denied. Previously, the DOL had permitted the defendant to pay according to this "average time" system, but indicated to defendant on July 16, 1999, that "[a]s we discussed previously, IBP, Inc., may continue its current practice with respect to recording and compensating pre- and post-shift compensable activities until such time as the Department announces its position with respect to record keeping in the industry." Def. Ex. B-2, Filing No. 31, from Michael Stabler of DOL. The parties disagree when and if the DOL has changed its policy to require payment based on actual work. However, on January 15, 2001, the DOL rejected the "average amount" analysis and defendant was informed that "a company must record and pay for each employee's actual hours of work, including compensable time spent putting on, taking off and cleaning his or her protective equipment, clothing or gear." Pl. Ex. D, Filing No. 35, page 2.[3] Plaintiffs argue that the donning and doffing of their non-unique gear is an integral and indispensable part of their work under DOL opinions and the recent *Alvarez case*. *IBP, Inc. v. Alvarez*, 546 U.S. 21 (2005); *see* DOL advisory memorandum, June 6, 2002, page 3, Pl. Ex. B. Defendant, argues plaintiffs, is relying on old policies which cannot be a basis for good faith bar.

---

[3]Defendant argues that the January, 2001, DOL advisory memorandum has no legal authority. *Christensen v. Harris Co.*, 529 U.S. 576, 587 (2000). While this argument has some merit, such opinions are entitled to respect, but not legal force. *Id.*

The *Alvarez* court held that employees are to be compensated for the time spent walking between their changing and work areas after donning and before doffing their protective equipment. The court also determined that the pre-waiting to doff equipment is not compensated, but that such time spent doffing the equipment is compensated. In addition, the *Alvarez* court expressed a new test which requires activities that are integral and indispensable to be compensated. This is a deviation from the analysis used in *Reich*.

It is clear the DOL and the recent *Alvarez* case have rejected the average time concept used by the defendant. Further, very recently a district court in Kansas faced the exact issues presented to this court. *Garcia v. Tyson Foods, Inc.*, No. 06-2198-JWL (D. Kan. Feb. 16, 2007). The court in *Garcia* examined whether the *Reich* case should bar plaintiffs claims. These claims mirrored the claims in the current case. The court concluded that the motion for summary judgment should be denied, (1) finding that current and former employees should be permitted to proceed on their claims for compensation for time spent donning and doffing standard protective clothing and gear, finding that the *Alvarez* case has severely undermined the *Reich* case; (2) determining that the new test is whether the activities are an integral and indispensable part of the primary activities for which the workers are employed; (3) concluding that the donning and doffing activities create a factual issue as to (a) whether they are an integral and indispensable part of the work requirements and (b) whether they occurred before, during or after the continuous workday; and (4) finding material facts exist as to whether the four minutes paid to knife wielding employees is sufficient under *Alvarez* and current DOL policy. The court finds the analysis set forth in *Garcia* is persuasive in this case. The court also agrees with the analysis set forth by the district court in Tennessee:

6

> The court does not find these slim reeds of non-binding precedent persuasive for the motion that the court should allow defendants to use the *Reich* injunction as a shield against litigation by these plaintiffs, who were not parties to the prior action. It strains reason to say that potential compliance with an injunction would not only shield the defendants from enforcement actions by the Secretary of Labor (when the mode of complying with the injunction was allegedly agreed to be the Secretary), but would also foreclose private employees not parties to the litigation from seeking to recover for alleged violations of FLSA. Compliance with the injunction does not establish, for all time and at all subsequently-opened facilities, that the defendants are immune from suit or that their policies cannot be reviewed for compliance with FLSA. Moreover, as discussed, *infra,* there are questions of fact as to whether the defendants are actually in compliance with the injunction entered in the Reich litigation. For these reasons, the existence of the *Reich* injunction does not, as a matter of law, foreclose these plaintiffs from bringing suit.

*Jordan v. IBP, Inc. and Tyson Foods*, Case No. 3:02-1132 (Tenn. October 13, 2004), pp. 22.

The court declines to grant summary judgment. First, to the extent *Alvarez* changes the law since *Reich*, plaintiffs may proceed to prove those facts, even if they conflict with *Reich*; (2) to the extent that the DOL has issued regulations that change *Reich*, the plaintiffs may proceed to prove those facts, even if they conflict with *Reich*; and (3) to the extent plaintiffs allege that defendant is not complying with portions of *Reich* that are still valid after *Alvarez*, such factual issues may proceed to trial.

THEREFORE, IT IS ORDERED that defendant's motion for summary judgment, Filing No. 29, is denied.

DATED this 20th day of March, 2007.

BY THE COURT:

s/Joseph F. Bataillon
Chief Judge