IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DIMAS LOPEZ, IBETH LOPEZ, SANTOS CORONA, ABEL MARAVILLA, MARIA DE JESUS RAMIREZ, MIGUEL GUICO, DOMINGA MAZARIEGOS, JOSE SALES ORTIZ, MANUEL SANTANA, CARLOS GODINEZ, MARIO MAZARIEGOS, CARLOS MEDINA, BRENDA REVOLORIO, GUADALUPE MACIAS, RAFAEL MEDINA, NORMA MEDINA, GUADALUPE HERRERA-ARIAS, ESPERANZA CEJA REYES, MARIA MAGDELENA SIGORAN, and FRANCISCO NAJARRO MARTINEZ,<br><br>       Plaintiffs,<br><br>  V.<br><br>TYSON FOODS,<br><br>       Defendant. | 8:06CV459<br><br>MEMORANDUM AND ORDER |

This matter is before the court on plaintiffs' motion to certify a class pursuant to Fed. R. Civ. P. 23, Filing No. 67; plaintiffs' motion to certify class conditionally for collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., Filing No. 69; the report and recommendation of the magistrate judge, Filing No. 114, granting the motions to certify the class and conditionally certify the class; and the objection with supporting brief to the magistrate judge's report and recommendation by defendant Tyson Foods, Filing Nos. 116 and 119. The court has carefully reviewed the record de novo and finds the report and recommendation of the magistrate judge should be adopted.

**Background**

Plaintiffs bring this action against the defendant on behalf of themselves and others purported to be part of a class alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*, the Nebraska Wage and Hour Act, Neb. Rev. Stat. §§ 48-1201 - 1209, and the Nebraska Wage Payment and Collection Act, Neb. Rev. Stat. §§ 48-1228 - 1232. Plaintiffs include former and current employees of defendant at its beef processing plant in Lexington, Nebraska. Plaintiffs contend that the defendant has failed to compensate them for time spent (1) donning and doffing required clothing and safety equipment, before, during and after their shifts; (2) preparing safety supplies and equipment; and (3) walking time that follows or relates to these activities. Plaintiffs have filed this suit alleging that they are entitled to compensation for donning and doffing and washing non-unique equipment (hard hats, earplugs, safety shoes, safety glasses) at all times during the continuous workday, including meal breaks. Plaintiffs allege defendant failed to adequately compensate them for the time they worked.

**Discussion**

*A.  Federal Claim*

Defendant objected to both motions to certify the class. The magistrate judge held an evidentiary hearing on February 25, 2008, Filing Nos. 107 and 109 (hyperlinks unavailable), received and reviewed evidence, and issued a report and recommendation, Filing Nos. 108 and 114, on May 1, 2008. The court has carefully reviewed the facts as set forth by the magistrate judge and adopts the facts without reiterating them herein. The defendant admits that many of its hourly employees at the Lexington, Nebraska, plant are paid based on "gang time" (work time seven hours and 56 minutes), plus four minutes a

2

day for pre- and post-shift activities. However, defendant also argues that different departments allow employees to be paid for additional time beyond their gang time. Because of these variations, defendant contends that class certification is not appropriate.

Plaintiffs wish to conditionally certify their FLSA claim pursuant to 29 U.S.C. § 216(b). Such certification would allow them to notify and join all potential and interested parties. The magistrate judge used the two-stage approach set forth in *Parler v. KFC Corp*., 529 F. Supp. 2d 1009, 1011 (D. Minn. 2008), to determine whether plaintiffs in an FLSA action are similarly situated to other potential plaintiffs. First, using this process, the class is conditionally certified with only a minimal showing. This allows prospective plaintiffs to opt into the action by filing their consent forms. Second, discovery then occurs, and the plaintiffs must thereafter make a much stronger showing to proceed collectively. If this stronger showing does not occur, then the court will decertify the class if requested to do so by the defendant. *Id*. The parties in this case argue about which standard should apply in this case. The plaintiffs asked for the conditional standard, while the defendant argued that substantial discovery has already occurred and the plaintiffs should be held to the higher standard for certification. In that regard, this court must look at the discovery that has already occurred.

Following a denial of summary judgment by this court, Filing No. 56, the magistrate judge set deadlines for discovery regarding the class certifications motions. Such motions and briefing were completed by January 22, 2008. The magistrate judge held a hearing on February 25, 2008, and the transcript of the hearing was filed on March 5, 2008, Filing No. 112. The magistrate judge determined that this case is still at the preliminary stage for purposes of class certification. No discovery has yet taken place regarding the merits of

the case. In fact, the magistrate judge noted that the discovery deadline had not yet been imposed. The court agrees with the magistrate judge's determination that "the plaintiffs have met their burden of presenting evidence establishing a colorable basis that the putative class members are the victims of a single decision, policy, or plan." Filing No. 114 at 11. This initial showing includes both gang time and non-gang time policies. *Id*. at 12. The court further finds that the discovery is in fact at its initial stages and must be allowed to proceed. Accordingly, the court concludes that the parties are at stage one of the certification process, and the class will be conditionally certified.

### B. *State law Claims*

#### 1. *Wage Payment Act*[1]

The plaintiffs also seek class certification under Fed. R. Civ. P. 23 for the claims based on state law. Defendant argues that plaintiffs must prove a contract to pay certain wages and argues this will be fact specific and unique to each claim. Thus, class treatment would be inappropriate. With regard to the Nebraska Wage Payment Collection Act, the magistrate judge concluded that "no plaintiff makes a separate argument based on unique facts or law on this issue. Accordingly, the nature of the plaintiffs' claims, i.e., reliance on the Wage Payment Act, do not, on that basis alone, defeat class certification." Filing No. 114 at 13. The magistrate judge further concluded that there is no direct collision between the Wage Payment Act and Rule 23, because (1) Rule 23 governs class actions in federal court, and (2) the Wage Payment Act does not explicitly bar class action treatment of claims. *Id*. at 14. The court agrees. The decision as to whether the claim is applicable in

---

[1]The Wage Payment Act requires an employer to pay all the wages due to employees at regular intervals. Neb. Rev. Stat. § 48-1230.

this case or not applicable in this case will most probably apply to all plaintiffs in the same manner.  The court will most likely not need to hear evidence from each plaintiff in this regard.  There is nothing in the state statute that indicates such an issue cannot be addressed pursuant to a class action.  The court finds no conflict with Federal R. Civ P. 23 and the Nebraska Wage Payment Act.

### 2. Wage and Hour Act[2]

Defendant argues that the Wage and Hour Act is inapplicable in this case, as the plaintiffs all received compensation which exceeded the minimum wage, thus taking them out of this statute.  The magistrate judge determined it would not address the issue at this time, given that the motion is one dealing with class certification and not a motion to dismiss.  The court agrees.  This has nothing to do with the motions for class certification, and thus it is not properly before the court at this time.

### C.  Class Certification under Fed. R. Civ. P. 23

The magistrate judge analyzed the requirements for class certification pursuant to Fed. R. Civ. P.  23:  (1) numerosity; (2) commonality, (3) typicality, and (4) adequacy of representation. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613 (1997).  The court must undertake a rigorous analysis in this regard. *Elizabeth M. v. Montenez*, 458 F.3d 779, 784 (8th Cir. 2006).  The magistrate judge did a thorough analysis of these four factors and determined that (1) the class met the numerosity requirement; (2) the class satisfies the commonality requirement; (3) the claims by the class are typical of those in the putative class; and (4) and the plaintiffs and their counsel will be able to fairly and adequately

---

[2]The Nebraska Wage and Hour Act establishes a minimum wage for all workers as well as minimum wage compensation standards.  Neb. Rev. Stat. § 48-1201.

protect and represent the interests of the class. The magistrate judge then analyzed the requirements for class certification under Fed. R. Civ. P. 23(b)(1) and determined that if each of the production employees litigates separately, there is a risk of varying outcomes. *Id*. at 23. And finally, the magistrate judge determined that under Fed. R. Civ. P. 23(b)(3) the common issues of the class predominates over the individual cases and that this is a superior method, given the thousands of workers who will have the same issues. *Id*. at 24-25. The court has carefully reviewed the record, and in particular the objections and the report and recommendation of the magistrate judge, and agrees with the findings and conclusions of the magistrate judge that Fed. R. Civ. P. 23 is applicable in this case. Accordingly, the court finds the state law claims should proceed in accordance with Fed. R. Civ. P. 23.

THEREFORE, IT IS ORDERED THAT:

1. The plaintiffs' motion for class certification pursuant to Fed. R. Civ. P 23, Filing No. 67, is granted.

2. The plaintiffs' motion for conditional certification, pursuant to the FLSA, 29 U.S.C. § 216(b), Filing No. 69, is granted.

3. The objections of the defendant, Filing Nos. 116 and 119, are overruled.

4. The report and recommendation of the magistrate judge, Filing No. 114, is adopted in its entirety.

DATED this 7th day of August, 2008.

BY THE COURT:

s/ Joseph F. Bataillon
Chief District Judge