### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **DIMAS LOPEZ, et al.,** | ) | |
| | ) | |
| Plaintiffs, | ) | 8:06CV459 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| **TYSON FOODS, INC.,** | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the defendant's Motion to Stay Proceedings Pending a Decision by the Judicial Panel on Multidistrict Litigation (Filing No. 126).[1] The defendant filed a brief (Filing No. 127), reply brief (Filing No. 132) and an index of evidence (Filing No. 128). The defendant filed a motion to consolidate this case with ten others before the Judicial Panel on Mulitdistrict Litigation (MDL). The defendant's consolidation motion is set for a hearing before the panel on September 25, 2008. The defendant requests a temporary stay in this court until the MDL panel issues a decision on consolidation. The plaintiffs filed a brief (Filing No. 130) and an index of evidence (Filing No. 131) in opposition to the motion.

The plaintiffs filed the instant action on June 30, 2006. **See** Filing No. 1. After some discovery, on August 7, 2008, the court granted the plaintiffs' motion for Fed. R. Civ. P. 23 class certification and for conditional certification pursuant to the Fair Labor Standards Act. **See** Filing No. 124. Based on this ruling, the next step is to finalize and issue notice of the suit to all putative class members. A final scheduling order has not been entered, and this case has not yet been set for trial.

The defendant contends a stay will prevent duplicitous discovery and pretrial motions and inconsistent rulings. The defendant argues the plaintiffs will suffer not prejudice by waiting to proceed until the MDL panel issues a decision on consolidation.

---

[1] As a convenience, this document contains certain cross-document hyperlinks to documents previously filed in this case. This document also contains links to the Nebraska local rules and legal citation from the federal reporters. The hyperlinked documents appear in blue underlined text. Except with regard to the local rules, access to the hyperlinked material is subject to fees pursuant to user agreements. The hyperlinks may be accessed without PACER fees by use of the public computer terminal in the Clerk's office.

The plaintiffs argue a stay is not appropriate in this case because is has progressed beyond the initial certification stages and the court is poised to set a discovery deadline and trial date. Additionally, the plaintiffs oppose MDL consolidation for the same reason and contend the status of consolidation is uncertain and should not hamper these proceedings. In the alternative, the plaintiffs request leave to proceed with issuance of the class notice, despite a stay. The defendant opposes proceeding with class notice because such notice must be approved by the court and could be inconsistent with any notice ultimately approved in the consolidated action.

The power of a district court to stay an action pending on its docket is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936); **see** *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) ("A district court has discretionary power to stay proceedings in its own court under *Landis*."); *Capitol Indem. Corp. v. Haverfield*, 218 F.3d 872, 874 (8th Cir. 2000). Similarly, "[t]he decision to issue a stay of proceedings when a party submits a motion for transfer to an MDL panel rests within the court's discretion." *Benge v. Eli Lilly & Co.*, 553 F. Supp. 2d 1049, 1050 (N.D. Ind. 2008). In determining whether a stay is appropriate under theses circumstances, "courts consider the following three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the matter is not stayed; and (3) economy of judicial resources." *Id.*

Here, there is no evidence the plaintiffs will suffer any prejudice by a brief stay. In contrast, any additional discovery or motion practice will create duplicative and potentially inconsistent obligations for the defendant. Finally, a short stay serves the interests of judicial economy and efficiency. For these same reasons, the court declines the plaintiffs' request to proceed with the notice procedures involving the putative class members. Upon consideration,

**IT IS ORDERED:**

1. The defendant's Motion to Stay Proceedings Pending a Decision by the Judicial Panel on Multidistrict Litigation (Filing No. 126) is granted.

      2.      The case shall be stayed until further order of this court.

      3.      The planning conference previously scheduled for October 6, 2008, is canceled.

      4.      Counsel shall notify the court immediately about any ruling issued by the MDL related to this case. Until such ruling, counsel shall file a joint report concerning the status of this case on **September 30, 2008, and every thirty days thereafter**.

DATED this 8th day of September, 2008.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge