UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **DIMAS LOPEZ,** *et al.*, | * | |
| | * | |
| Plaintiffs, | * | CIVIL NO. 8:06-cv-0459-JFB-TDT |
| | * | |
| vs. | * | |
| | * | |
| | * | |
| **TYSON FOODS, INC.,** | * | |
| | * | |
| | * | |
| Defendant. | * | |

## PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56 and Local Rule of Civil Procedure 56.1, Plaintiffs respectfully move for partial summary judgment on Defendant Tyson Foods, Inc.'s (hereafter "Tyson") stated defenses to liability under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., and Nebraska state law for failing to pay Plaintiffs for all hours of work during the continuous workday each shift.

1. Plaintiffs seek partial summary judgment on several of Tyson's asserted defenses in this matter.

### A.   Donning/Doffing Of "Non-Unique" Protective Equipment Is Compensable

2. First, Plaintiffs seek partial summary judgment on Tyson's defense asserted in Paragraph 11 of its listed defenses in its Answer **(Doc. 19)** that some of the activities for which Plaintiffs seek payment are not compensable because the donning or doffing of "standard" or non-unique safety equipment is not compensable.

### B.   Tyson Cannot Assert A De Minimis Defense

3. Second, Plaintiffs seek partial summary judgment on Tyson's defense asserted in Paragraph 12 of the listed defenses in its Answer (**Doc. 19**) that the "de minimis" defense excuses their non-compliance with the FLSA.

### C.   Tyson Cannot Assert A "Good Faith" Defense Under 29 U.S.C. § 259

4. Third, Plaintiffs seek partial summary judgment on Tyson's "good faith" defenses asserted in Paragraph 8 of its listed defenses in its Answer (**Doc. 19**) that Tyson acted in "good faith" pursuant to 29 U.S.C. § 259, in conformity with the Department of Labor regulations and interpretations of the FLSA.

### D.   Tyson Cannot Assert A Portal-to-Portal Act Defense Under 29 U.S.C. § 254

5. Fourth, Plaintiffs seek partial summary judgment on Tyson's defense asserted in Paragraph 13 of the listed defenses in its Answer (**Doc. 19**) that Plaintiffs' donning and doffing activities are not compensable under the Portal-to-Portal Act, 29 U.S.C. § 254 because they are purportedly "preliminary" or "postliminary" to a principal activity.

### E.   Tyson Cannot Assert A "Good Faith" Defense To Plaintiffs' Claims For Liquidated Damages

6. Fifth, Plaintiffs seek partial summary judgment on Tyson's stated defense asserted in Paragraph 7 of its listed defenses in its Answer (**Doc. 19**) that Tyson acted in "good faith" pursuant to 29 U.S.C. § 260 and therefore should not be penalized with liquidated damages.

### F.   Tyson Acted Willfully In Depriving Its Employees Of Wages For Donning And Doffing And Related Activities.

7. Lastly, Plaintiffs seek partial summary judgment on Tyson's stated defense asserted in Paragraph 6 of its listed defenses in its Answer (**Doc. 19**) that Tyson did not act willfully and, therefore, should not be punished by the addition of a third year of statute of limitations under the Fair Labor Standards Act. See, 29 U.S.C. § 255.

### G. Relief Requested

8. Based upon the foregoing, Plaintiffs respectfully request that this Court grant partial summary judgment in favor of Plaintiffs upon the stated defenses raised in Paragraphs 6, 7, 8, 11, 12, and 13 of Defendant Tyson's August 24, 2006 Answer And Affirmative Defenses **(Doc. 19)**.

Respectfully submitted,

/s/ Brian P. McCafferty

BRIAN P. MCCAFFERTY
Kenney & McCafferty
3031C Walton Road, Suite 202
Plymouth Meeting, PA 19462
(610) 940-0327 (phone)
(610) 940-0284 (fax)
cafstar@aol.com

MICHAEL HAMILTON
Provost Umphrey Law Firm, LLP
2021 Richard Jones Road, Suite 300
Nashville, TN 37215
Phone: (615) 242-0199
Facsimile: (615) 256-5922
E-mail: mhamilton@provostumphrey.com

ROGER K. DOOLITTLE
460 Briarwood Drive, Suite 500
Jackson, MS 39206
Phone: (601) 957-9777
Facsimile: (601) 957-9779
E-mail: rogerkdoolittle@aol.com

Attorneys for Plaintiffs

Dated: September 1, 2010

**CERTIFICATE OF SERVICE**

I, Brian P. McCafferty, hereby certify that on September 1, 2010, I electronically filed the foregoing Plaintiffs' Motion For Partial Summary Judgment with the Clerk of Court using the CM/ECF system which sent notification of such to the following counsel for Defendant Tyson pursuant to the ECF System:

> Steven Davidson, Esq.
> Michael J. Mueller, Esq.
> Alison D. Balus, Esq.
> Evangeline Paschal, Esq.

and I hereby certify that I have mailed by United States Postal Service, postage prepaid, this document to the following non CM/ECF participants:

> None.

/s/ Brian P. McCafferty
_____
Brian P. McCafferty

Dated: September 1, 2010