IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

DIMAS LOPEZ, et al.,

        Plaintiffs,

v.

TYSON FOODS, INC.,

        Defendant.

CASE NO. 8:06-cv-459-JFB-TDT

### DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

On September 1, 2010, Plaintiffs filed a Motion for Partial Summary judgment in which they argued, as a matter of law, that donning and doffing non-unique items is "integral and indispensable" to plaintiffs' principal work activities. Plaintiffs also requested a ruling that Tyson was not entitled to assert a *de minimis* defense under the facts of this case and the applicable law. On September 23, 2010, Tyson filed an Opposition to Plaintiffs' motion; Tyson set forth the appropriate legal standards and identified the material issues of fact that are in dispute.

On January 31, 2011, the United States District Court for the District of Kansas issued a decision in *Garcia v. Tyson Foods, Inc.*, No. 2:06-cv-02198, 2011 U.S. Dist. LEXIS 10290 (D. Kan. January 31, 2011) a case involving similar factual and legal issues. The plaintiffs (Tyson employees who work at the company's beef processing facilities in Kansas) allege they were not properly compensated for donning and doffing protective items such as a hard hat, hairnet, beard net, earplugs, and a frock. *Id*. at *27. Like Plaintiffs in this case, the plaintiffs requested

summary judgment on the issue of whether donning and doffing non-unique items is "integral and indispensable" and whether Tyson could assert a *de minimis* defense at trial.

The district court denied the plaintiffs' motion for summary judgment on both issues. The court found there was a factual dispute as to whether the non-unique items "benefit the employees as much as Tyson"—a dispute which precluded summary judgment on the integral and indispensable issue. *Id*. at *46. The court also ruled that a factual dispute existed as to the amount of time the employees spend performing pre- and post-shift work activities. *Id*. at *51-52. Without resolution of that issue, the court could not rule on Tyson's *de minimis* defense as a matter of law. *Id*. at *53-54.

Given the similarities of the factual and legal issues presented, Tyson submits the attached opinion from *Garcia* in further support of its Opposition to Plaintiffs' Motion for Partial Summary Judgment.

Respectfully submitted this 4th day of February, 2011,

                                                *s/Allison D. Balus*
Steven D. Davidson (NE# 18684)
Allison D. Balus (NE# 23270)
BAIRD HOLM LLP
1500 Woodmen Tower
Omaha, NE  68102-2068
Telephone: 402-344-0500
Facsimile:  402-231-8554
Email:  abalus@bairdholm.com

Michael J. Mueller (admitted *pro hac vice*)
Evangeline Paschal (admitted *pro hac vice*)
HUNTON & WILLIAMS LLP
1900 K Street, N.W.
Washington, D.C. 20006
Telephone:  202-955-1500
Facsimile:  202-778-2201

Attorneys for Defendant

3

## CERTIFICATE OF SERVICE

The undersigned certifies that this 4th day of February, 2011, I electronically filed the foregoing with the Clerk of the Court using the Court's CM/ECF filing system, which will serve notice of electronic filing upon the following:

| | |
|---|---|
| Brian P. McCafferty | Michael J. Mueller |
| Michael Hamilton | Evangeline Pascal |
| Brandon J. Lauria | Steve Davidson |
| Jairus M. Gilden | |
| Todd D. Bennett | |

*s/Allison D. Balus*
Counsel for Defendant

DOCS/1019631.1