**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEBRASKA**

**DIMAS LOPEZ, et al.,**
              **Plaintiffs,**

**vs**                                            **Case No. 9:06CV459**

**TYSON FOODS, INC.,**

        **Defendant**

**PLAINTIFFS' OMNIBUS MOTION *IN LIMINE***
**AND MEMORANDUM OF LAW IN SUPPORT**

Plaintiffs respectfully move the Court to preclude Defendants' witnesses and

defense counsel from testifying, referencing, arguing, mentioning in testimony, questions

or comments or submitting documentary evidence concerning certain topics at trial.

Specifically, Plaintiffs seek to exclude or limit:

1.    Evidence of certain arrests, criminal prosecutions or convictions of Plaintiffs or other class members;

2.    Evidence of any financial difficulties, foreclosures, bankruptcies, or civil or domestic relations actions involving Plaintiffs or other class members;

3.    Evidence concerning employment of Plaintiffs or other class members at any company other than Tyson or IBP, Inc.;

4.    Evidence and arguments concerning any disciplinary actions taken against Plaintiffs or other class members at Tyson unrelated to sanitary gear and protective equipment related requirements, tardiness or attendance;

5.      Legal materials, Department of Labor (DOL) investigations of other processing plants, or "industry practice" in support of Defendants' *de minimis* defense or any other defense;

6.      References to a Plaintiff's or other class member's failure to complain to Tyson, the DOL or another governmental agency that Plaintiffs and the class were not paid for all hours worked;

7.      Evidence that Defendants pay overtime pay for hours they deem to be work aside from pay for donning and doffing related activities;

8.      In-Court Demonstrations of Time Needed to Don or Doff;

9.      Evidence of "Sunshine" Times as Offsetting Compensable Time;

10.     Evidence that Workers are Paid for Time the Line Stops or Lacks Product.

11.     Evidence that Plaintiffs Knew They Were Not Paid for Donning and Doffing.

12.     Any reference to the financial condition of Tyson, the effect that a judgment against it may have on its business operations, insurance rates, or financial condition, including any reference to any planned or contemplated bankruptcy filing;

13.     Any reference to the fact that a principal of Tyson may be required to personally pay any judgment entered in this case;

14.     References to the opt-in process;

15.     Any references to the circumstances under which Plaintiffs or other members of the class employed a lawyer, or that a motive, purpose or result of this lawsuit is or will be to compensate Plaintiffs' lawyers;

16.     Any reference to the fact that Plaintiffs or other class members objected to any written discovery request, asserted a claim of privilege, moved to exclude certain evidence from the trial, including but not limited to the items contained in this motion *in limine*, during the pretrial phase of this case;

17.     The calling of any witness in Defendant's case in chief that Defendant refused to produce in Plaintiffs' case in chief;

18.     Excluding non-party witnesses from the courtroom at all times other than when they are called to testify;

19.     Any testimony or argument concerning attorneys' fees or the cost of litigation should be limited;

20.     Any Reference to Tyson's Charitable Contributions or Involvement in Community Affairs.

## LEGAL STANDARDS FOR ADMISSIBILITY

Federal Rules of Evidence 402 excludes all evidence that is not relevant.  FRE 402.  "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FRE 401.  Accordingly, in order to be admissible, "(1) the evidence must be probative of the proposition it is offered to prove, and (2) the proposition to be proved must be one that is of consequence to the determination of the action." *United States v. Glasser*, 773 F.2d 1553, 1560 n.4 (11th Cir. 1985); *see also* Fed. R. Evid. Advisory Committee Notes ("Relevancy is…a relations between an item of evidence and a matter properly provable in the case.").

Even evidence that may be admissible under FRE 401 and FRE 402 will nonetheless be excluded under FRE 403 where such evidence causes a risk of unfair prejudice, confusion of the issues before the jury, or the potential for wasteful mini-trials within the trial.  Rule 403 excludes evidence that, while relevant, is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." FRE 403.  This includes exclusion of evidence where admitting

the evidence would waste the court's time with extensive presentation of testimony and information on peripheral issues.

## **ARGUMENT**

**1.   Reference to Any Plaintiff's or Other Class Member's Criminal History Is Irrelevant and Prejudicial**

Plaintiffs respectfully request that this Court bar witnesses and Defendants' counsel from referencing or mentioning in testimony, statements, arguments, questions or comments any arrests, prosecutions or convictions of Plaintiffs or other class members unless it involves a conviction for offenses punishable by more than 1 year of incarceration and/or conviction involving dishonesty or false statements.

Evidence concerning the criminal history of a single Plaintiff or class member has absolutely no relevance to the issues in this case.  Evidence concerning criminal charges not resulting in conviction fails to meet the threshold of relevance set forth in FRE 402. *See Doe v. Elwood Public School Dist.,* 2007 WL 2257329 (D. Neb. Aug. 3, 2007 at*2. Additionally, introduction of testimony and evidence concerning any such convictions would create the risk of misleading, and/or unfairly prejudicing the jury in contravention of FRE 403 and would constitute an improper introduction of character evidence in contravention of FRE 404.  *Id.*

Any criminal convictions for offenses not punishable by more than one year of incarceration and/or convictions for offenses involving dishonesty or false statement would likewise be irrelevant under FRE 401's standards.  *Id.*  As above, the introduction

of testimony or evidence concerning these types of criminal offenses would mislead and unfairly prejudice the jury in contravention of FRE 403. *Id.* Additionally, this type of evidence would constitute an improper introduction of character evidence in contravention of FRE 404 and FRE 609. *Id.*

The risk of prejudice and irrelevance of any criminal conviction are heightened in a multi-plaintiff or class action case like this one.  Therefore, the criminal history of any single Plaintiff or class member, with the exception of a conviction for a crime carrying a possible punishment of greater than a year of incarceration or dishonesty, should not be entered into evidence due to the profound risk that it would unfairly prejudice that individual's co-litigants.

**2.**    **Evidence of Any Plaintiff's or Other Class Member's Financial Difficulties, Domestic Relations or Civil Suits Should Be Precluded**

Plaintiffs seek to exclude references to any financial difficulties, foreclosures, bankruptcies or civil or domestic relations actions involving Plaintiffs or other class members.  Evidence pertaining to these matters lacks any relevance to the claims in this case and should be barred from the trial pursuant to FRE 402.

It is self-evident that the only conceivable purpose for introducing such evidence would be to prejudice Plaintiffs and the class by creating a false and misleading impression that, as a group, they are of poor character.  Any focus on Plaintiffs' and class members' activities outside of work at Tyson runs the risk of creating undue prejudice, given the lack of relevancy of these activities.  As the likelihood of potential prejudice

outweighs any possible relevance of this testimony concerning Plaintiffs or other class members, this evidence should be excluded under FRE 403.

Additionally allowing the introduction of evidence concerning bankruptcies, financial difficulties, domestic relations matters or unrelated civil suits would cause the trial to devolve into a wasteful series of mini-trials, which would unnecessarily complicate this action and confuse the jury.  Plaintiffs should not be required to present time-consuming evidence to rebut such evidence.  Defendants' irrelevant evidence of matters outside the employment relationship, which have no bearing on the central issues in this case.  Consideration of this tangential evidence would waste the Court's and the jury's time in violations of FRE 403.

Plaintiffs do not seek to preclude Defendant from pointing out that certain class members may be related to one another or involved in a personal relationship, only evidence of any financial difficulties, foreclosures, bankruptcies, or civil or domestic relations actions involving Plaintiffs.

3. **Plaintiffs' and Other Class Members' Employment At Companies Other Than Tyson or IBP, Inc. Lacks Relevance**

This action concerns the compensation policies and practices at Tyson's Lexington, Nebraska  facility.  Discussion of the specific circumstances of Plaintiffs' or other class members' employment at any other company  is not relevant to the issues in this case.  The introduction of such evidence would consume considerable court time and would, at best, be of little, if any, probative value under FRE 401.  Defendants should not be allowed to present evidence of Plaintiffs' or other class members' employment outside

of Tyson on the grounds of relevancy.  Additionally, the introduction of such evidence runs the risk of creating undue prejudice against Plaintiffs and the class in violation of FRE 403.

The introduction of this category of evidence in particular would likely cause the trial to devolve into a wasteful series of mini-trials, which would unnecessarily complicate this action and confuse the jury.  If Defendants are permitted to introduce such evidence, Plaintiffs will be forced to call witnesses and offer additional testimony to rebut that evidence, which has no bearing on Plaintiffs' claims.  Rule 403 specifically bars the introduction of such wasteful and confusing evidence.  FRE 403 (excluding evidence that is "substantially outweighed by…confusion of the issues, or misleading the jury, or by consideration of undue delay, was of time").

4.    **Disciplinary Actions Taken Against Plaintiffs or Other Class Members Unrelated to Sanitation, Donning/Doffing Tardiness or Attendance Lack Relevance and Are Highly Prejudicial**

Plaintiffs move to exclude all evidence concerning Plaintiffs' or other class members disciplinary records at Tyson, except as they may be related to discipline for failure to comply with policy and requirements to wear sanitary and protective equipment ("PPE") to perform the job assigned, and discipline related to Plaintiffs' or other class members tardiness or attendance  regarding when they must report to work stations fully dressed, when they are tardy at break time, and when they are disciplined for failing to stay after the shift to perform additional work. Plaintiffs' and other class members work conduct and other disciplinary action forms, i.e. overtrimming product, being excused from work for being sick or personal reasons, or not notching tails and folding under are

not at issue in this case and do not bear on a fact that "is of consequence to the determination of the action." FRE 401.  Irrelevant evidence is inadmissible. FRE 402. Even relevant evidence should be excluded where its probative value is outweighed by its prejudicial effect, or if its admission would confuse the issues, waste time, or be cumulative. FRE 403. A cursory review on the several hundred disciplinary action letters and forms Tyson attempts to introduce as evidence at trial demonstrates the irrelevancy and prejudicial effect a majority of these exhibits will have on the questions the jury will be asked to decide.

This action concerns the compensation policies and practices at Tyson's Lexington, Nebraska  facility. In order to prevail on their liability theory, plaintiffs must prove that the protective and sanitary equipment at issue is "integral and indispensable," i.e. that (1) is required by Tyson, (2) necessary to the job, and (3) primarily for Tyson's benefit. There is no dispute that plaintiffs and other class members in fact don and doff required sanitary and protective equipment, or that donning and doffing and related walking and washing time occurs outside the paid production-line schedule. Under the "continuous workday" rule, all time after the employee commences performing the first integral and indispensable activity on a particular workday and before he or she ceases performing the last integral and indispensable activity on that workday is compensable, with only certain enumerated exceptions. *IBP, Inc. v. Alvarez*, 546 U.S. 21, 28-29 (2005)(quotiong 29 C.F.R. §790.6).  Only disciplinary actions taken against Plaintiffs or other class members related to sanitizing, donning, and doffing of required sanitary and protective equipment is relevant to the determination of Tyson's liability.

Tyson's sole affirmative defense to liability is that the unpaid time is *de minimis*, for which Tyson carries the burden of proving: (1) the regularity with which the unpaid work is performed, (2) the aggregate size of the claim, and (3) the practical difficulty of recording the additional time. As  further detailed in Plaintiffs' brief in opposition to Defendant Tyson's motion for summary judgment on plaintiffs' state law claims and motion for partial summary judgment on plaintiffs' federal claims (Dkt No. 196), Tyson cannot rely upon a *de minimis* defense. *Id*. at 22-26. One of the crucial factors which undermines Tyson's *de minimis* defense is the practical administrative difficulty in recording the time. Disciplinary actions taken against plaintiffs and other class members related to their tardiness is relevant in demonstrating Tyson's ability and willingness to dock and discipline employees for small amounts of time, as little as 1-3 minutes, that may vary by class members each workday.

Thus, any reference to, or evidence concerning, Plaintiffs' or other class members disciplinary records with exceptions noted above lack any relevance and is inadmissible at trial under FRE 402. Any argument by Tyson that the introduction of Plaintiffs' or other class members' disciplinary records with the exceptions noted above is relevant to show that a Plaintiff or other class member acted in conformity with the actions at issue in a particular disciplinary incident is prohibited by FRE 404(b), which prohibits the admission of evidence of bad acts offered merely to prove bad character or conformance with that character on a given occasion.  This rule reflects the judgment of the Advisory Committee on Rule 404 that:

> Character evidence is of slight probative value and may be very prejudicial.  It tends to distract the trier of fact from the main question of what actually happened on that particular occasion.  It subtly permits the trier of fact to reward the good

man and to punish the bad man because of their respective characters despite what the evidence in the case shows actually happened.

A jury hearing evidence concerning a Plaintiff's or other class member's disciplinary history at Tyson  with the exceptions noted above may make inferences concerning that Plaintiff or all class members' behaviors at work.  These inferences are impermissible.  As evidence of Plaintiffs' or other class members' disciplinary records is not relevant to any issue in the case, Rule 404 mandates that it be excluded.

FRE 403 also requires the exclusion of Plaintiffs' or other class members' disciplinary records with the exceptions above due to the risk of unfair prejudice, confusion of the issues and waste of time, which substantially outweigh any probative value of the evidence.  As the Advisory Committee to Rule 403 and such evidence should be excluded.

> .'Unfair prejudice' within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one"  Evidence of any Plaintiff's disciplinary record may unfairly prejudice the jury against the plaintiff and the merits of his case.  Such a result contravenes the policies underlying Rule 403, and such evidence should be excluded.

Aside from prejudicing the jury, evidence concerning Plaintiffs' or other class members' disciplinary records, i.e. excused absences for health reasons, job performance such as overtrimming, or being excused from work early for personal reasons,  at Tyson is likely  to confuse the issues presented to the jury.  A jury that is distracted by the facts and details of Plaintiffs' or other class members' disciplinary records might be confused about the weight and relevancy of this evidence in making the determination of whether

Tyson failed to pay Plaintiffs' and the class for all of the hours they worked as required under the law.

Additionally, the introduction of this irrelevant evidence would waste the Court's and the jury's time. If Tyson is allowed to introduce the evidence, they will have to call witnesses to each alleged incident not only to testify, but also to authenticate any related documents. This Court should not tolerate such a waste of time and resources on far-reaching collateral issues. Because the prejudicial effect of Plaintiffs' and other class members' disciplinary record outweighs any probative value, evidence thereof cannot be used for impeachment under Rule 609.

In sum, based on the improper use of this evidence, the inescapable prejudice to Plaintiffs, the danger of confusing the issues and the unnecessary waste of time, disciplinary actions unrelated to the required sanitary gear and equipment and tardiness at issue in this case should be excluded in its entirety.

5.      **Evidence Concerning Actions Against Other Processing Plants Or "Industry Practice" Designed to Support Defendants' *De Minimus* Defense or Any Other Defense is Immaterial.**

In support of a *"de minimus"* defense, or some other defenses, Defendants may seek to introduce evidence of court decisions and other lawsuits filed by the Department of Labor (DOL) or private parties against meat or poultry processors other than Tyson or it predecessors IBP, Inc. to show that Tyson's practice of failing to pay its workers for all hours worked was commonplace in the meat and poultry processing industries. However, evidence concerning legal or regulatory actions against other meat and poultry processors is irrelevant under FRE 401 and 402 in this case, which involves activities in a single

Tyson facility.  Evidence regarding other processors does not, in any way, concern the amount of time actually worked by any worker at the Tyson Lexington facility.  The introduction of this type of evidence would require the Court and the jury to consider far-flung evidence that would open the door to even more tangential evidence to counter the suggestions made.  In the end, this entire exercise would be for no purpose as the entirety of the evidence is simply irrelevant to the questions facing this Court.

Furthermore, exclusion is justified because the probative value of introducing such extraneous and unrelated evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury as well as by consideration of undue delay, waste of time, and needless presentation of cumulative evidence.  *See* FRE 403.  In addition, presenting evidence concerning court decisions and DOL opinion letters is likely to mislead and confuse a jury and to usurp the power of the Court, whose duty it is to determine the applicable law and  instruct the jury on what the law is.  *See, e.g., United States v. Zipkin*, 729 F.2d 384, 387 (6th Cir. 1984).

**6.**   **Evidence Concerning Plaintiffs' or Other Class Members' Failure to Complain About Non-Payment Is Irrelevant and Prejudicial**

Defendants may argue that certain Plaintiffs, or the entire group of class members, failed to complain to supervisors at Tyson or to any governmental agency that they were not being paid for all of their hours worked in violation of federal and state law.  Such testimony, evidence or argument should be excluded as irrelevant and prejudicial and because it would cause the needless presentation of evidence that would waste the Court's and the jury's time.

This case concerns the actions of the Defendant.  Whether or not the Defendant paid Plaintiffs and the class for all hours worked is the central issue of the case.  Whether or not Plaintiffs or other class members registered internal or external complaints about the fact that they were not being paid for all of the hours they worked is irrelevant.  There are a multitude of reasons why Plaintiffs of other class members might not have complained about the underpayment.  They may have been fearful of retaliation; they may not have been aware of the fact or extent of their underpayment; they may not have known how or to whom to complain.  Given that there are a variety of plausible reasons why Plaintiffs and other members of the class may not have complained, evidence concerning the lack of complaints is not probative and is therefore irrelevant under FRE 401 and should be excluded under FRE 402.

Additionally, testimony concerning Plaintiffs' or other class members' failure to complain is prejudicial and is likely to confuse the issues before a jury.  A juror may attach undue significance to the lack of a complaint even though federal and state law do not require a worker to have complained at all, in order to file suit.  Given the potential for prejudice and confusion and the lack of relevance of this evidence, references to any lack of internal or external complaints by Plaintiffs or other class members should be excluded from trial under FRE 401-403.

**7.    Evidence That Defendant Paid Overtime Pay For Hours It  Deemed Compensable Aside From Pay For Donning And Doffing Related Activities Is Irrelevant**

At issue in the instant case are work hours that were not compensated by Defendant.  Any evidence that Defendant may offer concerning  overtime compensation

they paid to their workers beside donning and doffing related pay is irrelevant under FRE 401 and 402.  Defendant deserves neither applause nor sympathy, nor a diminution of their liability, for having sometimes done what they had a statutory duty to do.  Any argued marginal probative value of evidence relating to compensation already paid by Defendant (for hours that are not at issue) is potentially confusing to the jury and is thus prejudicial to Plaintiffs under FRE 403 in that it suggests that Defendant has fully met the overtime requirements of the Fair Labor Standards Act.  This evidence simply has no bearing on the specific questions at issue in this case, and the presentation of such evidence (without further explanation at the time) could easily lead the jury to believe that Defendant paid overtime compensation for some or all of the periods at issue in this case, which, undoubtedly, they did not .  Additionally, allowing the introduction of evidence concerning  compensation that is not at all at issue has the effect of wasting the Court's and the jury's valuable time.  *See Ross v. Buckeye Cellulous Corp.*, 980 F.2d 684, 655 (11th Cir. 1993) (upholding a district court decision to exclude testimony that would "unnecessarily prolong a trial").

**8.   In-Court Demonstration of Time Needed to Don or Doff.**

It is undisputed that the Courtroom is not a slaughterhouse or a slaughterhouse locker room.  The courtroom is not a 1 million square foot facility.  Tyson's workers don and doff at the plant in crowded conditions, in proximity to other employees and in narrow halls.  In court demonstrations intended to simulate the time it may take workers to don or doff their gear would be irrelevant and highly prejudicial, and should be excluded under FRE 401, 402, and 403.  Indeed, as Tyson acknowledges by the procedures utilized in its own time study prepared by Dr. Adams for this litigation,

evaluating the donning and doffing activities in the workplace is a minimum threshold for reliability of the time calculations at issue in this case.  Courtroom demonstrations aimed at simulating the donning and doffing process should be excluded.

**9.  Evidence of "Sunshine" Time as Offsetting Compensable Time.**

Plaintiffs seek to recover for their unpaid time that they worked.  Tyson's pay policies involving things other than hours worked are irrelevant and will confuse and prejudice the jury.   In Plaintiffs' calculations of the number of hours worked (both paid and unpaid), Plaintiffs are not tallying amounts in the payroll records that do not constitute hours actually worked, such as paid sick leave or vacation or jury duty. Among the other amounts Plaintiffs are not including in the calculations of hours worked is a benefit provided called "sunshine" time, which was compensation infrequently paid to some slaughter workers when the workers slaughtered the day's quota of cattle in less time than the full scheduled eight hour shift.  In other words, it was incentive compensation for workers' efficiency and speed.  Sunshine pay is a benefit much like vacation time or health benefits that is irrelevant to whether Tyson was paying for all donning and doffing hours worked.  Even on the rare days when sunshine time was awarded, Plaintiffs were still not paid for all of their pre- and post-shift work time which is at issue in this case.

Tyson may appear to be arguing that any "sunshine time" constitutes an "offset" against unpaid donning and doffing time Plaintiffs seek to recover.  Such an "offset" is impermissible under the law.  Under the FLSA, only three types of compensation may be used as an offset, meaning they are creditable against overtime compensation:  First is daily overtime, meaning time-and-a-half pay for working over a certain number of hours

in the day even though the FLSA's threshold for overtime (40 hours per week) may not

be met; second are premium amounts paid for work on days usually reserved for rest,

such as weekends and holidays; and third are "premium rate" payments "for work outside

of the hours establish…, by the [employment] contract or [collective bargaining]

agreement." 29 U.S.C. §207(h)(2) (cross referencing 29 U.S.C. §207(e)(5)-(7)).

Sunshine time is none of these.  It is not daily overtime; it is not a premium for weekends

or holiday; it is not a premium rate "for work outside the hours established" by contract.

Thus sunshine time payments do not offset amounts owed here for unpaid work.  In

calculating damages, Plaintiffs have properly excluded sunshine time.  Like other forms

of pay that are irrelevant to the issues here—such as paid vacation or sick leave sunshine

time is irrelevant and evidence regarding it should be excluded under FRE 402 and 403

as irrelevant, confusing, and a waste of time.

**10.** **Evidence that Workers are Paid for Time the Line Stops or Lacks Product.**

During the class members' paid, scheduled shift on the production line, there are

occasionally times when the line stops (or is moving but without product) due to

mechanical or safety or sanitation problems.  Additionally, some workers occasionally

need to use the restroom during their scheduled shift.  When these events occur during a

worker's paid, scheduled shift, the worker remains on duty and is paid as legally

required, *IBP, Inc. v. Alvarez*, 546 U.S. 21, 37 (holding that "continuous workday"

demarcates compensable time); 29 C.F.R. § 785.15 ('[f]or example, a repair man is

working while he waits for his employer to get the premises in readiness..[t]he time is

worktime even though the employee is allowed to leave…the job site during such

periods"); 29 C.F.R. §785.18 (rest periods "must be counted as hours worked" and "may

not be offset against other working time").  There is no legitimate legal argyument that

such paid "down" time or off'line time is uncompensable or that it may offset unpaid

donning and doffing time outside the scheduled shift.  This evidence and these arguments

are irrelevant and only serve to prejudice the jury and distract them from the evidence

relevant to the disputed material facts, and should be excluded under FRE 402 and 403.

**11.** **Evidence that Plaintiffs Knew They Were No Paid for Donning and Doffing.**

Tyson may seek to adduce irrelevant evidence that class members knew they were

not paid for all time spent donning and doffing, apparently to suggest that Tyson should

not have to comply with the law if workers agreed to tolerate it.  But FLSA rights cannot

be abridged by contract or otherwise waived because this would nullify the purposes of

the statute and thwart the legislative policies it was designed to effecuate."  *Barrentine,*

*Inc.,* 450 U.S. at 740 (citing cases).  Thus any evidence or argument that workers knew

from the day they were hired that Tyson did not pay for, or only paid for a portion of, the

time required for donning and doffing related activities, is irrelevant and prejudicial

under FRE 402-403, and should be excluded.

**12.** **Evidence concerning the Effects That a Judgment Against Tyson May Have
On Its Financial Condition or Business Operations Must be Precluded As
Irrelevant and Prejudicial**

At trial Tyson and its principals should be prohibited from offering testimony or

evidence concerning their financial condition or net worth, ability to pay a judgment,

and/or the effects that a judgment against them would have on their business, operations

or insurance rates.  Specifically, Defendant should be prohibited from mentioning or

implying that Tyson would be required or expected to file for bankruptcy if judgment

were entered against it.  Such testimony could be used by Defendant to attempt to inflame

the jury or to create sympathy for themselves.  Such evidence or testimony is irrelevant

under FRE 401 and 402.  Even assuming, *arguendo*, that it were relevant, this sort of

testimony should be precluded on the grounds of prejudice, confusion, and/or waste of

time pursuant to FRE 403.

**13.**      **No Reference Should Be Permitted To the Fact That a Prinicipal of Tyson May Be Required to Personally Pay Any Judgment Entered In This Case**

Similarly, Defendant should be prohibited from offering testimony or evidence or

otherwise suggesting that any of the principals of Tyson may personally pay all or part of

any judgment entered against Defendant in this case.  Again, the sole purpose of such

testimony would be to garner sympathy for Defendant rather than any legitimate

evidentiary purpose.  Such testimony is irrelevant under FRE 401 and 402 and should

also be precluded pursuant to FRE 403 because it is highly prejudicial to Plaintiffs,

confusing to the jury and would constitute a waste of the Court's and the jury's time.

**14.  References to the Opt-In Process Should Be Excluded.**

Defendants may attempt to introduce testimony or argument concerning the way

in which the opt-in process proceeded in this case or in particular the number of FLSA

opt-ins relative to the eligible participants.   Such testimony or argument is irrelevant to

the claims in this case concerning whether Defendant paid Plaintiffs and other members

of the class for all time worked.  Any testimony concerning the opt-in process would be

irrelevant under FRE 401 and 402.  Moreover, the risk of prejudice, jury confusion, and

waste of judicial resources would be significant.  Discussions of the opt-in process would

require counsel and the Court to explain complicated legal procedures to jurors.  The issues in this case do not warrant this type of tutorial.  The FLSA opt-in rate could be related to a variety of factors including the fact that workers are members of the Rule 23 class without affirmatively opting in.   Because the probative value of his evidence is arguable at best and the effort necessary to adequately explain it would be significant, evidence and argument concerning the opt-in process in this case should be precluded from the trial under FRE 403.

15. **Reference to the Circumstances Surrounding Plaintiffs' Attorney-Client Relationship Are Irrelevant and Prejudicial**

Plaintiffs move to exclude any evidence, remarks, suggestions, or statements of counsel concerning the attorney-client relationship between Plaintiffs and their counsel, including how that relationship came into effect or the terms of that relationship.  The retention and scope of a party's representation by counsel has absolutely no relevance to the issues in this case.  Moreover, there is a great risk of prejudice to the Plaintiffs if Defendants are permitted to discuss the way in which Plaintiffs' counsel were retained or the scope of their representation.  Such evidence could create a prejudicial impression with certain jurors depending on their biases toward class action cases or plaintiffs' attorneys in general.  Accordingly such arguments and evidence should be precluded because they are irrelevant under FRE 401.  Furthermore, such arguments run the risk of unfair prejudice and would be a waste of the Court's and the jury's time and are therefore inadmissible under FRE 403.

**16.** **References to Objections to Discovery Requests, Claims of Privilege, or Motions To Exclude Evidence From Trial Should Not Be Permitted At Trial**

References to the fact that a party objected to a discovery request asserted a claim of privilege or sought to exclude evidence from the trial, through a motion *in limine* or otherwise, should not be permitted at trial.  Testimony or argument about or references to the fact that either party made such a request is not relevant to the issues in this case. Moreover, discussion of my request to exclude or limit evidence creates the risk of confusing the jury and of prejudicing the jury against the party seeking to exclude certain evidence and is therefore inadmissible under FRE 403.

**17.** **Any Witness That Defendants Refuses to Produce in Plaintiffs' Case In Chief Should Be Precluded From Testifying In Defendants' Case in Chief**

Plaintiffs move to preclude Defendant from calling any witness in its case-in-chief that Defendant refuses  to produce in Plaintiffs' case-in-chief.

Plaintiffs anticipate that Defendant will attempt to preclude Plaintiffs from calling witnesses in its case in chief that Defendants will attempt to produce in its own case in chief.  However, Defendant may not prevent Plaintiffs from calling certain individuals as adverse witnesses and later produce those individuals in its own case in chief.

This Court may, in its discretion, exclude evidence if its probative value is substantially outweighed by the danger that it will prejudice a party FRE Rule 403. Because allowing Defendant to call witnesses that Defendant refuses to produce in Plaintiffs' case in chief would only serve to prejudice Plaintiffs, confuse the issues and

mislead the jury, this Court must preclude Defendant from calling any such witness in its case-in-chief.

18.     **To Exclude All Witnesses From The Courtroom At All Times Other Than When They are Called To Testify**

Plaintiffs move to exclude all non-party witnesses from the courtroom at all times other than when they are called to testify.

Under Federal Rules of Evidence 615, at the request of any party or by its own motion, the court shall order witnesses excluded from the courtroom so that they cannot hear the testimony of other witnesses.  This exclusion does not apply to:

(a)     a party who is a natural person

(b)     an officer or employee of a party which is not a natural person designated as its representative by its attorney

(c)     a person whose presence is shown by a party to be essential to the presentation of the party's cause; or

(d)     a person authorized by statute to be present.

FRE Rule 615.

The sequestration of witnesses who are not presently testifying will promote fair play and substantial justice, because each witness' testimony will be based only on his or her personal knowledge of the evidence, and not on the credibility, or lack of credibility, of other witnesses, which is a determination to be made by the trier of fact and this Court. Therefore, the Court should exclude all non-party witnesses from the courtroom at all times except when they are called to testify.

19.     **References to Attorneys' Fees or Cost of Litigation Are Irrelevant and Prejudicial and Should Be Limited**

Plaintiffs move to exclude any evidence, remarks, suggestions or statements of counsel concerning the fact or amount of attorneys' fees or the costs of litigation unless evidence concerning the March 29, 2010 increase in donning and doffing pay is admitted. The facts concerning how a party's attorneys will be paid have no relevance to the issues in this case.  There is a risk of prejudice to the Plaintiffs if Defendant is permitted to mention the way in which either set of counsel will be compensated in this case.   Such evidence could create a prejudicial impression with certain jurors depending on their biases toward class actions cases or attorneys' fees in general.  Accordingly, such arguments and evidence should be precluded because they are irrelevant under 401. Furthermore, introduction of this evidence would create the risk of unfair prejudice and would be a waste of the Court's and the jury's and is therefore inadmissible under FRE 403

20.     **Any Reference to Tyson's Charitable Contributions or Involvement in Community Affairs.**

This action relates solely to Defendant's pay policies and practices at its Lexington, Nebraska facility, specifically whether Defendant compensated Plaintiffs for all times spent for certain pre-and post-shift activities.  During trial, Defendant may attempt to make reference to or characterize Tyson as community minded or being involved in various charitable efforts.  Any such evidence is not probative of the compensability of the donning and doffing activities at issue and therefore is not admissible under FRE 401 and 402.

Even if such evidence were admissible under Rules 401 and 402, it would nonetheless be excluded under Rule 403 because such evidence may promote a misleading impression that because Defendant engages in some charitable efforts or community affairs, it is unlikely to have failed to pay employees all wages to which they are entitled under the Fair Labor Standards Act and Nebraska Wage Law and is therefore prejudicial. Moreover, such evidence could result in a waste of the jury's time as Plaintiffs may have to respond to such evidence with evidence of their own good deeds.

For the foregoing reasons, this Motion should be granted.

Respectfully submitted,

/s/Michael Hamilton
Provost Umphrey Law Firm, LLP
2021 Richard Jones Road, Suite 300
Nashville, TN 37215
(615) 242-0199
(615) 256-5922 (facsimile)

Brian P. McCafferty                Robert L. Wiggins
Kenney & McCafferty                Candis A. McGowan
1787 Sentry Parkway West           Jacob A. Kiser
Bldg. 18, Suite 410                Daniel Arciniegas
Blue Bell, PA 19422                Wiggins, Childs, Quinn & Pantazis LLC
(610) 940-9099                     The Kress Bldg., 301 19th St. N.
(610) 940-0284 (facsimile)         Birmingham, AL 35203
                                   (205) 314-0500
                                   (205) 254-1500 (facsimile)

Roger K. Doolittle
460 Briarwood Drive
Suite 500
Jackson, MS 39206
(601) 957-9777
(601) 957-9779 (facsimile)

Todd J. Bennett
Rehm, Bennett Law Firm
3701 Union Drive, Suite 200
Lincoln, NE 68516
(402) 474-2300
(402) 420-1508 (facsimile)

Jairus Gilden
Kathryn M. Engdahl
Metcalf, Kaspari, Engdahl & Lazarus, P.A.
333 Parkdale Plaza, 1660 South Highway 100
Minneapolis, MN 55416-1573
(312) 239-0524
(800) 845-1962 (facsimile)
(952) 591-9444
(952) 591-5806 (facsimile)

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that I have filed today, April 4, 2011, by CM/ECF the above and foregoing with copies being served electronically on:

Steven D. Davidson (NE#18684)
Allison D. Balus (NE#23270)
BAIRD HOLM LLP
1500 Woodmen Tower
Omaha, NE 68102-2068
Telephone: 402-344-0500
Facsimile: 402-231-8554

Michael J. Mueller
Evangeline Paschal
HUNTON & WILLIAM LLP
1900 K Street, N.W.
Washington, D.C. 20006
Telephone:  202-955-1500
Facsimile:  202-778-2201

/s/Michael Hamilton_____