UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | |
|---|---|
| **DIMAS LOPEZ, et al.,** | Case No. 8:06-cv-00459-LES-TDT |
| **Plaintiffs** | |
| Vs. | |
| **TYSON FOODS, INC.** | |
| **Defendant.** | |

## PLAINTIFFS' TRIAL BRIEF

Plaintiffs Dimas Lopez, et al., respectfully submit the following Trial Brief addressing legal issues that may arise at the trial.

### I.   JURISDICTION

Defendant Tyson does not appear to be contesting this Court's jurisdiction in this matter, but if the issue arises, it should be noted that this Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 29 U.S.C. § 216(b)(stating that both federal and state courts have jurisdiction over FLSA claims), and subject matter jurisdiction over Plaintiffs' state law claims pursuant to the Class Action Fairness Act of 2005, codified at 28 U.S.C. § 1332(d)(2).

### II.   PLAINTIFFS' NEBRASKA STATE LAW CLAIMS

Plaintiffs have two state law claims that are proceeding to trial after this Court denied Defendant Tyson summary judgment on both state law claims. See **Doc. 235**, page 27, Paragraph 4 of the Court's Order (Defendant's motion for summary judgment on plaintiffs' state law claims is denied."

**A. Nebraska Wage Payment and Collection Act ("NWPCA"), Neb. Rev. Stat. §§ 48-1228 to 48-1232.**

Plaintiffs' first state law claim is brought pursuant to the Nebraska Wage Payment Collection Act ("NWPCA"), Neb. Rev. Stat. §§ 48-1228 to 48-1232. This Court has held pertaining to the NWPCA that: "The Wage Payment Act requires employers to pay all wages due to employees at regular intervals. Neb. Rev. Stat. §§ 48-1230." See, Lopez v. Tyson Foods, 2008 WL 3485289 at *11. "Upon failure of the employer to so pay its employees, the Wage Payment Act authorizes suit by an employee against an employer 'for wages which are not paid within thirty days of the regular payday.'" Id.

"Under the Wage Payment Act, '[w]ages means compensation for labor or services rendered by an employee, including fringe benefits, when previously agreed to and conditions stipulated have been met by the employee, whether the amount is determined on a time, task, fee, commission, or other basis.' Neb. Rev. Stat. § 1229(4)." Id. "However, such agreement need only be that the defendant did 'agree to pay plaintiffs at the appropriate rate of pay for the duties they were performing." Id., citing, Hawkins v. City of Omaha, 627 N.W. 2d. 118,130 (Neb. 2001).

**B. Nebraska Wage and Hour Act ("NWHA"), Neb. Rev. Stat. §§ 48-1201-1209**

Plaintiffs' second state law claim is brought pursuant to the Nebraska Wage and Hour Act ("NWHA"), Neb. Rev. Stat. §§ 48-1201-1209. This Court has held pertaining to the NWHA that: "The Wage and Hour Act provides that an employer who violates the minimum wage provision 'shall be liable to the employees affected in the amount of their unpaid minimum wages.' Neb. Rev. Stat. § 48-1206." See **Doc. 235** (Judge Strom)(April 6, 2011 Memorandum and Order, p. 23-24).

"Thus, the Wage and Hour Act does not provide plaintiffs with any substantive rights to wages. Only if it is found that plaintiffs have a right to unpaid wages under the FLSA (or any other law providing a substantive right to wages), and defendant fails to compensate plaintiffs for such wages, do plaintiffs have a claim pursuant to the Wage and Hour Act to recover wages." Id., at 24.

### III. FEDERAL LAW CLAIM UNDER FAIR LABOR STANDARDS ACT

Plaintiffs' federal law claim is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. The FLSA provides employees the right to a minimum wage and overtime pay for all hours worked over 40 hours per week. See, 29 U.S.C. §§ 206, 207. Bouaphakeo v. Tyson Foods, Inc., 564 F.Supp. 2d 870, 883 (N.D. Iowa 2008). The FLSA also provides that an action to recover damages may be brought in any federal or state court "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b).

### IV. RELATIONSHIP BETWEEN FEDERAL AND STATE CLAIMS

There is no federal preemption or other obstacle to Plaintiffs' federal and state law claims proceeding in the same case. Bouaphakeo v. Tyson Foods, Inc., 564 F.Supp. 2d 870, 884 (N.D. Iowa 2008). The FLSA has a savings clause that permits states to provide greater benefits or rights beyond what the FLSA provides. Id., citing 29 U.S.C. § 218(a).

### V. DEFENDANT'S DE MINIMIS DEFENSE

The Supreme Court has previously recognized that employers do not need to pay employees for otherwise compensable time if that time is "de minimis." Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 692 (1946)("When the matter at issue concerns only a few seconds or minutes of work beyond the scheduled working hours, such trifles may be

3

disregarded.") Pursuant to the DOL's implementing regulation, the narrow "de minimis" exception "applies only where there are uncertain and indefinite periods of time involved of a few seconds or minutes duration, and where failure to count such time is due to considerations justified by industrial realities." 29 C.F.R. 785.47 (emphasis added). If it is feasible for the employer to record the time, then the employer cannot escape liability for paying its employees for this time by relying on the de minimis rule. See Id. ("An employer may not arbitrarily fail to count as hours worked any part, however small, of the employee's fixed or regular working time or practically ascertainable period of time he is regularly required to spend on duties assigned to him.").

Courts generally weigh three factors in determining whether a claim is too small for recovery and de minimis: (1) the practical administrative difficulty in recording the time, (2) the size of the aggregate claim, and (3) the regularity of the additional work. Lindow v. United States, 738 F.2d 1057, 1063 (9th Cir. 1984).

The de minimis rule does not apply where the activities at issue are regular, recurring events that employees perform each and every day. See Kosakow v. New Rochelle Radiology Associates, P.C., 274 F.3d 706, 719 (2d Cir. 2001)(no de minimis defense where employee needed to arrive 15 minutes early each day). The amount of time worked must be viewed in the aggregate. See, DeAscencio v. Tyson Foods Inc., 500 F.3d 361 (3rd Cir. 2007) (district court must reconsider its failure to combine the donning and doffing time with walking time); Reich v. New York City Transit Authority, 45 F.3d 361 (2nd Cir. 1995) (time spent should be considered in the aggregate.

Courts have found that even relatively small amounts of time or money at issue are not de minimis. See, Saunders v. Morrell & Co., 1992 WL 531674 (N.D. Iowa 1992) (finding 3

4

minutes cleaning safety equipment not de minimis); and Glenn L. Martin Nebraska Co. v. Culkin, 197 F.2d 981, 987 (8th Cir. 1952), rehearing denied, 344 U.S. 888 (1952) (working time of $1 a week is "not a trivial matter to a workingman" and was not de minimis).

VI.   **DEFENDANT'S DEFENSE UNDER THE PORTAL-TO-PORTAL ACT, 29 U.S.C § 254**

The Portal-to-Portal Act was implemented in 1947 to exclude from compensability two activities that had been treated as compensable under Supreme Court law prior to 1947: walking on the employer's premises to and from the actual place of performance of the principal activity of the employee, and activities that are preliminary or postliminary to that principal activity. IBP v. Alvarez, 546 U.S. 21, 26-27 (2005).

The unanimous Supreme Court in Alvarez reiterated its long-held view that any activity that is integral and indispensable to a principal activity is itself a principal activity, and therefore, compensable under the FLSA. Alvarez, 546 U.S. at 37. As applied to the meat processing industry, the Supreme Court specifically held that the donning and doffing of required sanitary and safety equipment is integral and indispensable to meat processing workers' principal work activities, and that such activities were compensable and could commence and conclude the continuous workday. Alvarez, 546 U.S. at 32-33.

The Supreme Court's statement in Alvarez is consistent with prior cases which have held that work activities that are required by the employer are by their nature "integral and indispensable." See, Dunlop v. City Elect., Inc., 527 F.2d 394, 398, 401 (5th Cir. 1976)(emphasis added) (citations omitted)(§4 was intended to exclude from FLSA coverage only those activities 'predominantly…spent in [the employees] own interest. **No benefit may inure to the company. The activities must be undertaken 'for [the employees'] own convenience,**

5

**not being required by the employer and not being necessary for the performance of their duties for the employer.");** Bellaris v. Wacker Siltronic Corp., 370 F. 3d 901 (9th Cir. 2004); Burks v. Equity Group-Eufaula Division, 2008 WL 3271905 (M.D. Ala. 2008) (donning and doffing clothing, cleaning and sanitizing in poultry plant integral and indispensable); Jordan v. IBP Inc., 542 F.Supp. 2d 790 (M.D. Tenn. 2008); Tum v. Barber Foods, 331 F.3d 1, 9 (1st Cir. 2004)(Donning an item of clothing means obtaining it); Wage and Hour Mem. No. 2006-2 at 1 n.1 (May 31, 2006) Kosakow v. New Rochelle Radiology Assoc. PC, 374 F.3d 706 (2d Cir. 2001) ("If the proper performance of [the employee's] job required the preparatory work to be completed when the first walk-in patient could potentially arrive, this time should have been counted, regardless of whether anybody specifically instructed them to arrive early.") (citing Mitchell v. King Packing Co., 350 U.S. 260, 263 (1956) (knife sharpening done by knifemen at a meat packing plant was integral and indispensable to employees' principal activities because knives had to be "razor sharp" for proper performance of the work).

If a work activity is required by the employer, it is integral and indispensable, even if the activity also potentially benefits the employee. Dunlop, 527 F. 2d at 400 n. 11 ("The fact that the employees too may have benefited" from these activities "is not inconsistent with the conclusion that the work was an integral and indispensable function of the defendant business.")

## VII. LIQUIDATED DAMAGES UNDER FAIR LABOR STANDARDS ACT

The Fair Labor Standards Act provides: "An employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

VIII.  **ATTORNEYS' FEES UNDER FAIR LABOR STANDARDS ACT**

The Fair Labor Standards Act provides: "The Court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

IX.  **GROUP DEFINITION AND TIME PERIOD FOR PLAINTIFFS' FLSA COLLECTIVE ACTION CERTIFICATION FOR FEDERAL LAW CLAIMS**

This Court has defined both the group definition and relevant time period for Plaintiffs' Fair Labor Standards Act, 29 U.S.C. § 216(b) collective action class as follows:
"All current and former production and support hourly employees who (1) don, doff, wash or sanitize any sanitary and protective clothing, equipment and gear; and/or (2) maintain knives, steels and any other tools or equipment that are used in the production process, of the defendant's Lexington, Nebraska meat processing facility who have been employed by the defendant at any time since July 1, 2003."
See, Lopez v. Tyson Foods, 2008 WL 3485289 at *20. A total of 517 Plaintiffs "opted-in" to this case pursuant to 29 U.S.C. § 216(b).

X.  **CLASS DEFINITION AND CLASS PERIOD FOR PLAINTIFFS' RULE 23 CLASS FOR STATE LAW CLAIMS**

This Court has defined both the class definition and class period for Plaintiffs' Rule 23 class as follows: "All current and former production and support hourly employees who (1) don, doff, wash or sanitize any sanitary and protective clothing, equipment and gear; and/or (2) maintain knives, steels and any other tools or equipment that are used in the production process, of the defendant's Lexington, Nebraska meat processing facility who have been employed by the defendant at any time from July 1, 2002 to the present."

See, Lopez v. Tyson Foods, 2008 WL 3485289 at *20

        Respectfully submitted,

        /s/ Brian P. McCafferty

        BRIAN P. MCCAFFERTY
        Kenney & McCafferty
        1787 Sentry Park West
        Building 18, Suite 410
        Blue Bell, PA 19422
        (215) 367-4333 (phone)
        (215) 367-4335 (fax)
        cafstar@aol.com

        ROBERT WIGGINS
        CANDIS MCGOWAN
        JACOB KISER
        Wiggins, Childs, Quinn & Pantazis, L.L.C.
        The Kress Building
        301 19th Street North
        Birmingham, Alabama 35203
        (205) 314-0500
        (205) 254-1500 (facsimile)

        MICHAEL HAMILTON
        Provost Umphrey Law Firm, LLP
        2021 Richard Jones Road, Suite 300
        Nashville, TN 37215
        Phone: (615) 242-0199
        Facsimile: (615) 256-5922
        E-mail: mhamilton@provostumphrey.com

        ROGER K. DOOLITTLE
        460 Briarwood Drive, Suite 500
        Jackson, MS 39206
        Phone: (601) 957-9777
        Facsimile: (601) 957-9779
        E-mail: rogerkdoolittle@aol.com

        Attorneys for Plaintiffs

Dated: May 9, 2011

## CERTIFICATE OF SERVICE

I, Brian P. McCafferty, hereby certify that on May 9, 2011, I electronically filed the foregoing Plaintiffs' Trial Brief with the Clerk of Court using the CM/ECF system which sent notification of such to the following counsel for Defendant Tyson pursuant to the ECF System:

>Thomas Johnson, Esq.
>Michael J. Mueller, Esq.
>Steven D. Davidson, esq.
>Alison D. Balus, Esq.
>Evangeline Paschal, Esq.

and I hereby certify that I have mailed by United States Postal Service, postage prepaid, this document to the following non CM/ECF participants:

>None.

/s/ Brian P. McCafferty
_____
Brian P. McCafferty

Dated: May 9, 2011