IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
DIMAS LOPEZ, et al.,            )
individually and on behalf of   )
a class of others similarly     )
situated,                       )
                                )
            Plaintiffs,         )        8:06CV459
                                )
      v.                        )
                                )
TYSON FOODS, INC.,              )        MEMORANDUM AND ORDER
                                )
            Defendant.          )
_____)
```

This matter is before the Court upon plaintiffs' omnibus motion in limine (Filing No. 216), plaintiffs' motion in limine regarding de minimis related evidence or argument (Filing No. 217), plaintiffs' motion to preclude argument or evidence based on "elemental" increments of time or time studies (Filing No. 218), plaintiffs' motion to preclude Dr. Jeffrey Fernandez from testifying or introduction of his expert report (Filing No. 219), plaintiffs' motion in limine to preclude evidence or argument on compensability for knife-related employees (Filing No. 220), plaintiffs' motion in limine to preclude argument or evidence concerning class certification or the number of class members testifying (Filing No. 221), plaintiffs' motion to preclude evidence or argument about obsolete portions of the *Reich v. IBP* decision (Filing No. 222), defendant's motion to strike 25 previously undisclosed witnesses and dismiss three plaintiffs for failure to appear for their depositions (Filing

No. 223), defendant's motion in limine to exclude certain evidence (Filing No. 225), defendant's motion for clarification or amendment of prior order (Filing No. 256), and defendant's motion in limine to limit plaintiffs' use of video evidence and to strike their objections and counter-designations to defendant's designated video clips (Filing No. 293).

Upon review the motions, briefs, and relevant law, the Court makes the following findings:

**A. Plaintiffs' omnibus motion in limine (Filing No. 216)**

Plaintiffs respectfully move the Court to preclude defendant's witnesses and defense counsel from testifying, referencing, arguing, mentioning in testimony, questions or comments or submitting documentary evidence concerning the following topics at trial:

**1. Evidence of arrest, criminal prosecution or conviction of plaintiffs or other class members**

This Court retains the power to rule that the prejudicial effect of a particular conviction requires its exclusion. Fed. R. Evid. 609(a)(1). In this case, evidence of class member's criminal conviction may have a highly prejudicial effect on the class as a whole. Thus, plaintiffs respectfully request that the Court adopt a rule restricting the admission of all criminal convictions unless defendant can demonstrate that the particular conviction: (1) was for a felony that was

punishable by more than one year imprisonment or involved a required element of dishonesty; (2) occurred less than ten years ago; and (3) is not unduly prejudicial to the class.

Plaintiffs' motion as to this issue will be granted, although defendant will be able to impeach the credibility of any of plaintiffs' witnesses within the bounds of Fed. R. Evid. 609.

**2. Evidence of any plaintiff's or other class member's financial difficulties domestic relations or civil suits**

Defendant stipulates to this part of plaintiffs' motion (*See* Filing No. 247, p. 4). Defendant, however, wants to make clear that it intends to adduce evidence of the close relationships (sometimes familial) among some of the plaintiffs' witnesses that may bear upon their credibility and bias. Plaintiffs replied that they do not seek to preclude defendant from adducing such evidence (See Filing No. 258, p. 2). Thus, plaintiffs' motion as to this issue will be granted. However, defendant may use evidence "of close familial relationships" as it bears upon the credibility of any member of the plaintiffs' class who testifies.

**3. Plaintiffs' and other class members' employment at companies other than Tyson or IBP, Inc.**

Defendant stipulates to this part of plaintiffs' motion (*See* Filing No. 247, p. 4). Thus, plaintiffs' motion as to this issue will be granted.

-3-

**4. Disciplinary actions taken against plaintiffs or other class members unrelated to the sanitation, donning/doffing tardiness or attendance lack relevance and are highly prejudicial**

Plaintiffs move to exclude all evidence concerning plaintiffs' or other class members' disciplinary records at Tyson, except as they may be related to discipline for failure to comply with policy and requirements to wear sanitary and protective equipment to perform the job assigned, and discipline related to plaintiffs' or other class members tardiness or attendance regarding when they must report to work stations fully dressed, when they are tardy at break time, and when they are disciplined for failing to stay after the shift to perform additional work. Defendant has listed as trial exhibits a number of disciplinary records (reflecting progressive discipline ranging from simple oral counselings or up to terminations) related to persons who may be called to testify at trial. Defendant claims these documents are relevant because they relate to the witnesses' potential bias against Tyson Foods.

Fed. R. of Evid. 608(b) provides:

> (b) Specific instances of conduct. Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness, other than conviction of crime as provided in rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if

> probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.
>
> The giving of testimony, whether by an accused or by any other witness, does not operate as a waiver of the accused's or the witness' privilege against self-incrimination when examined with respect to matters that relate only to character for truthfulness.

Thus, in the event a witness for plaintiff testifies, and that witness has been disciplined by defendant, the defendant will only be able to inquire on cross-examination if the witness has been so disciplined to show possible bias against Tyson; and defendant will not be allowed to present extrinsic evidence on such matters. However, if the Court finds such disciplinary action is trivial and will not prove such witness's potential bias against Tyson, the Court may limit defendant's use of such evidence to show bias.

**5. Evidence concerning actions against other processing plants or "Industry Practice" to support defendant's de minimis defense or any other defense**

In general, defendant does not intend to rely upon evidence of "industry practice" or litigation involving other

meat processors.  *See* Filing No. 247, p. 5.  If the "willfulness" issue remains in the case and is presented to the jury, however, evidence of defendant's understanding of the law -- which may include the outcome of litigation involving defendant's red-meat processing plants, as well as other companies -- might be relevant, and accordingly, the court reserves ruling on this issue.  *See* Def's Opp. to Pltfs' Mot. for Summary Judgment (Filing No 192, p. 49-53).  If defendant decides to offer such evidence, it will first seek a side bar with the Court to obtain a ruling.

**6. Evidence concerning plaintiffs' or other class members' failure to complain about non-payment**

Plaintiffs' motion as to this issue will be granted because such evidence is irrelevant.  Defendant, however, claims plaintiffs want to introduce evidence of employee complaints that employees were not getting paid for cleaning after the shift.  As defendant cannot present evidence of plaintiffs' failure to complain, it follows that plaintiffs will not be able to present evidence that they did so complain they were being paid inadequately.  Thus, plaintiffs' motion as to this issue will be granted with this additional instruction.

**7. Evidence that defendant paid overtime for hours it deemed compensable aside from pay for donning and doffing activities**

Defendant anticipates plaintiffs will contend that Tyson was trying to make a profit, and cut as many costs as possible in order to do so. In particular, defendant claims plaintiffs may attempt to argue that Tyson avoided paying overtime compensation for donning, doffing, and rinsing standard clothing items and outer garments so that it could earn a greater profit at the expense of these plaintiffs. In the event plaintiff attempts to bring such testimony, defendant should be allowed to rebut it by showing the other ways it pays overtime to its workers. Plaintiffs' motion as to be this issue will be denied.

**8. In-court demonstration of time needed to don or doff**

If the Court allows a demonstration of donning and doffing to be performed in the courtroom, it will not allow anyone to time this activity, or allow any conclusions to be drawn by the jury from the length of time that the activity takes, given the differences in plaintiffs' physical conditions and the equipment that plaintiffs may wear. This demonstration will be allowed simply to demonstrate to the jury what is meant by donning and doffing. Thus, plaintiffs' motion as to this

issue will be denied, but any demonstration that may be performed will only be allowed with this limiting instruction.

**9. Evidence of "Sunshine" Time as offsetting compensable time**

Defendant claims "sunshine" time is compensation that is used to be paid to workers in the Slaughter area at the Lexington facility when those employees worked less than a full shift -- i.e. they were paid for time they did not actually work or have to be at the plant. At issue in this case is whether plaintiffs have been compensated for the actual amount of time they spend working during the continuous workday. Thus, class members who received "sunshine" time were compensated for time they did not work, which is directly relevant to whether they were fully compensated for time that they spent performing compensable activities. Thus, defendant will be allowed to present evidence concerning sunshine time paid to workers in the Slaughter area as an offset -- or a regular rate of pay that can be credited toward overtime compensation owed as damages, if the jury finds such damages are owed, pursuant to 29 U.S.C. § 207(h).

**10. Evidence that workers are paid for time the line stops or lack product**

Defendant has no intention of offering such evidence. *See* Filing No. 247, p. 11. Thus, plaintiffs' motion as to this issue will be granted.

**11. Evidence that plaintiffs knew they were not paid for donning and doffing**

Plaintiffs' motion is granted as to this issue because such evidence is irrelevant. "FLSA rights cannot be abridged or waived because it would 'nullify the purposes' of the statute or legislative policies it was designed to effectuate." *Barrentine v. Arkansas Best Freight Systems, Inc.*, 450 U.S. 728, 740 (1981).

**12. Evidence concerning the effects that a judgment against Tyson Foods may have on its financial condition or business operations**

The motion will be tentatively granted as to this issue because such evidence is irrelevant. In the case plaintiffs open the door to this kind of evidence, the Court will entertain a motion to rebut such evidence.

**13. Reference to the fact that a principal of Tyson Foods may be required to personally pay any judgment entered in this case**

Defendant has no intention of offering such evidence. *See* Filing No. 12, p. 12. Thus, plaintiffs' motion will be granted as to this issue.

**14. References to the opt-in process**

Plaintiffs do not dispute the size of the respective classes under both the state law claim and the FLSA claim may be disclosed to the jurors, but any other evidence of the opt-in

-9-

process itself is irrelevant.  Plaintiffs' motion as to this issue will be granted with this exception.

**15. References to the circumstances surrounding plaintiffs' attorney-client relationship**

Defendant does not intend to offer such evidence. Thus, plaintiffs' motion as to this issue will be granted.

**16. Reference to objections to discovery requests, claims of privilege, or motion to exclude evidence from trial**

Defendant does not intend to offer such evidence. Thus, plaintiffs' motion as to this issue will be granted.

**17.   The calling of any witness in defendant's case in chief that defendant refused to produce in plaintiffs' case in chief**

Plaintiffs' motion as to this issue seeks only to prevent the defendant from calling a witness over whom it has power to compel attendance that it has refused to produce in plaintiffs' case after it was given reasonable notice to produce such witnesses.  Thus plaintiffs' motion will be granted as to this issue.

**18.   To exclude all witnesses from the courtroom at all times other than when they are called to testify**

Plaintiffs' motion will be granted as to this issue within the limitations of Fed. R. of Evid. 615 (The Court may allow expert witnesses to be present during the trial).

**19. Any reference or argument concerning attorney's fees or the cost of litigation -- unless evidence concerning the March 29, 2010 increase in donning and doffing pay is admitted**

Defendant does not dispute plaintiffs' motion as to this issue with this limitation. Thus, plaintiffs' motion will be granted as to this issue. (Defendant mentioned in its response that it objected to plaintiffs' exhibit 338. Defendant, however, failed to move in limine concerning this exhibit; thus the Court will rule on the admittance of this exhibit, at the time it is offered into evidence.)

**20. Reference to Tyson's charitable contribution or involvement in community affairs**

The motion will be granted as to this issue because such evidence is irrelevant, unless plaintiffs open the door to this kind of evidence.

**B. Plaintiffs' motion in limine regarding de minimis related evidence or argument (Filing No. 217)**

The Court will not preclude defendant from presenting de minimis defense as to the compensability of standard/non-unique clothing or gear because whether the donning and doffing of such items constitutes hours worked remains a question of fact. Defendant, however, will not be able to assert a de minimis defense as to unique items used by knife-wielding employees, as defendant concedes these activities are

-11-

compensable.  Plaintiffs may reserve their noted arguments to attack the merits of this defense at the time of trial.

**C. Plaintiffs' motion to preclude argument or evidence based on "elemental" increments of time or time studies (Filing No. 218)**

Defendant may use such evidence to prove: (1) the amount of time the activities at issue take in order to prove how much defendant owes plaintiffs if the time is deemed compensable, and/or (2) to help support defendant's de minimis defense.  The evidence may not, however, be used by defendant to prove the threshold issue of compensability of such activities relating to standard or unique gear -- as it is not relevant to the test for deciding compensability of activities related to standard gear, and defendant concedes activities related to unique gear are compensable.  Plaintiffs may reserve their arguments that such evidence is fundamentally flawed to attack the credibility/reliability of such evidence at the time of trial.

**D. Plaintiffs' motion to preclude Dr. Jeffrey Fernandez from testifying or introduction of his expert report (Filing No. 219)**

As defendant failed to disclose Dr. Jeffrey Fernandez as an expert in this case, Dr. Fernandez will be precluded from testifying in this case, and the Court will reserve ruling on the admissibility of his expert report at the time of trial.

**E. Plaintiffs' motion in limine to preclude evidence or argument on compensability for knife-related employees (Filing No. 220)**

This motion will be granted in accordance with the Court's previous summary judgment memorandum opinion and order.

**F. Plaintiffs' motion in limine to preclude argument or evidence concerning class certification or the number of class members testifying (Filing No. 221)**

This motion will be granted as to evidence concerning class certification, but denied as to the number of class members testifying.

**G. Plaintiffs' motion to preclude evidence or argument about obsolete portions of the *Reich v. IBP* decision (Filing No. 222)**

The Court will reserve ruling on the admissibility of the *Reich v. IBP* decision at the time of trial.  In the case the willfulness issue is presented to the jury, the Court may instruct the jury on the portions of *Reich* that are relevant to such issue.

**H. Defendant's motion to strike 25 previously undisclosed witnesses and dismiss three plaintiffs for failure to appear for their depositions (Filing No. 223)**

The witnesses and plaintiffs that defendant was able to take the depositions of after the filing of this motion, will be allowed to testify at trial.

**I. Defendant's motion in limine to exclude certain evidence (Filing No. 225)**

Defendant respectfully moves the Court to preclude plaintiffs' witnesses and defense counsel from testifying, referencing, arguing, mentioning in testimony, questions or comments or submitting documentary evidence concerning the following topics at trial:

**1. Evidence of or relating to other lawsuits involving defendant or other meat processing facilities**

The motion as to this issue will be granted as such evidence is irrelevant.

**2. Evidence of or relating to past litigation involving defendant's other red-meat processing facilities**

This motion as to this issue will be granted -- except the Court will reserve ruling on the admissibility of evidence referencing the *Reich v. IBP* litigation, *Herman v. IBP* negotiated settlement, and *IBP v. Alvarez* as they relate to the willfulness issue and/or the sufficiency of defendant's compensation for knife-wielding activities at the time of trial.

**3. Evidence of or relating to the Department of Labor's past or pending positions on issues in this litigation**

The motion as to this issue will be denied if the willfulness issue is presented and/or if the regulations address compensation of knife-wielding activities.

**4. Evidence of or relating to defendant's other facilities or those owned by other meat processing companies**

The motion as to this issue will be granted -- but see 2. above.

**5. Reference to defendant's financial condition and the comparative or absolute economic statue of the parties**

The motion as to this issue will be granted.

**6. Statements mischaracterizing jobs at the Lexington facility as grueling, dangerous, or low-paying**

Plaintiffs contend the dangerous and grueling conditions of plaintiffs' work is part of the proof of why the STANDARD equipment at issue is necessary and primarily used for Tyson's benefit -- such evidence may be admitted for this limited purpose.

**7. Evidence of or relating to USDA or OSHA incidents at the Lexington facility or other meat processing facilities**

Plaintiffs contend the dangerous and grueling conditions of plaintiffs' work is part of the proof of why the STANDARD equipment at issue is necessary and primarily used for Tyson's benefit -- such evidence may be admitted for this limited purpose.

**8. References to defendant's withdrawal of any of its defenses**

The motion as to this issue will be granted.

**9. Video clips that plaintiffs have failed to adequately disclose**

Plaintiffs were ordered by Magistrate Judge Thalken to disclose the portions of video they wish to play at trial by April 22, 2011. This Court extended this deadline to April 29, 2011, and plaintiffs disclosed the portions they wish to play at the time of trial along with their counter-designations to defendant's proposed video clips. The Court will reserve ruling on the admissibility of all designated video clips at the time of trial.

**10. Evidence of or relating to employee injuries and workers' compensation claims**

Such evidence is relevant as to why employees are required by Tyson to wear the STANDARD equipment at issue and why such primarily benefits Tyson's ability to market unadulterated food products. Thus, such evidence may be admitted for this limited purpose.

**J. Defendant's motion for clarification or amendment of prior order (Filing No. 256)**

In accordance with the Court's previous memorandum opinion and summary judgment order, defendant will not be permitted to present evidence arguing Tyson did not enter into a "previous agreement" with any plaintiff to pay for the activities at issue as pertaining to plaintiffs' NWPCA claims. Plaintiffs

were/are hourly employees of Tyson, and if the donning/doffing activities constitute hours worked under the FLSA, it follows that Tyson "previously agreed" to pay plaintiffs for such work through plaintiffs hourly rate set by Tyson.  Thus, this motion will be denied.

**K. Defendant's motion in limine to limit plaintiffs' use of video evidence and to strike their objections and counter-designations to defendant's designated video clips (Filing No. 293)**

Plaintiffs were ordered by Magistrate Judge Thalken to disclose the portions of video they wish to play at trial by April 22, 2011.  This Court extended this deadline to April 29, 2011, and plaintiffs disclosed the portions they wish to play at the time of trial along with their counter-designations to defendant's proposed video clips.  The Court reserves ruling on the motion until the time of trial.

IT IS ORDERED that the motions of plaintiff and defendant are granted in part and denied in part in accordance with these findings of the Court.

DATED this 11th day of May, 2011.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court