IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
DIMAS LOPEZ, et al.,         )
individually and on behalf of)
a class of others similarly  )
situated,                    )
                             )
            Plaintiffs,      )     8:06CV459
                             )
      v.                     )
                             )
TYSON FOODS, INC.,           )     MEMORANDUM AND ORDER
                             )
            Defendant.       )
_____)
```

This matter is before the Court upon defendant's motion to strike Dr. Liesl Fox as a previously undisclosed expert witness (Filing No. 318).[1]  This is the defendant's second motion to exclude Dr. Liesl Fox as a witness in this case.  (*See* Filing Nos. 223, 224, 254, 283, and 292).  The Court denied the previous motion, holding that "[t]he witnesses and plaintiffs that defendant was able to take the depositions of after the filing of this motion will be allowed to testify."  (Filing No. 307, p. 13).  The Court's previous ruling will stand.

Plaintiffs never disclosed Dr. Fox during discovery.  They first listed her as a fact witness on March 31, 2011.  They did not produce her report until after the close of business on Friday, May 6, 2011.  Defendant received her data this past

---

[1] The current motion is untimely.  Such motions were required to be filed on or before April 4, 2011 (Filing No. 215).  The Court, however, will rule on this matter on its merits.

Tuesday, May 10, 2011, and she was made available for deposition the next day, May 11, 2011.  Defendant does not fault plaintiffs for the timing of the production of plaintiffs' new back-wage calculation and the timing of Dr. Fox's deposition, because it was caused in part by the timing of defendant's final production of payroll data.

Dr. Nickerson is defendant's rebuttal witness to Dr. Fox.  Neither party has provided an expert report for Dr. Nickerson or Dr. Fox because both sides listed them as non-expert summarizing witnesses under Rule 1006.  (*See* Filing No. 321, p. 9).  In disclosing Dr. Fox as a summarizing witness, plaintiffs relied upon the parties' understanding in this case and a prior parallel case at one of defendant's other plants in which the same attorneys agreed that expert reports are not required for Dr. Fox and Dr. Nickerson's exhibits, so long as they are allowed to be deposed before trial.  (*See Id.* at p. 9-10).  Thus, as defendant deposed Dr. Fox prior to the date of trial, Dr. Fox will be allowed to testify, as Dr. Nickerson will be allowed to testify.

IT IS ORDERED that defendant's motion to strike Dr. Liesl Fox as a previously undisclosed expert witness (Filing No. 318) is denied.

DATED this 17th day of May, 2011.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court